**Mildred C. TRIVETTE, Appellant,**

v.

**NEW YORK LIFE INSURANCE COMPANY, Appellee.**

**No. 13910.**

United States Court of Appeals
Sixth Circuit.

July 10, 1959.

O. T. Hinton, Herman G. Dotson, Pikeville, Ky., for appellant.

R. Lee Blackwell (of Bullitt, Dawson & Tarrant), Louisville, Ky., for appellee.

Before ALLEN, McALLISTER and MILLER, Circuit Judges.

PER CURIAM.

Rule 73(b), Rules of Civil Procedure, 28 U.S.C.A., provides that the notice of appeal from a District Court to the Court of Appeals "shall name the court to which the appeal is taken." Appellant filed a motion in this Court on June 24, 1959, for permission to correct the notice of appeal filed in this action in the United States District Court on March 17, 1959, by changing the words "Federal District Court of Appeals for the Sixth Circuit" to "United States Court of Appeals for the Sixth Circuit at Cincinnati, Ohio" alleging that the misnomer of the United States Court of Appeals for the Sixth Circuit in the notice of appeal was caused by clerical misprision in transcribing the notice.

An appeal from a District Court to the Court of Appeals is taken by filing with the District Court a notice of appeal. The Court of Appeals has no jurisdiction to grant an appeal from a judgment of the District Court or to amend the notice of appeal. Rule 73(a), Rules of Civil Procedure; Taylor v. Squier, 9 Cir., 183 F.2d 67; Donovan v. Esso Shipping Co., 3 Cir., 259 F.2d 65, 68; Railway Express Agency, Inc. v. Epperson, 8 Cir., 240 F.2d 189, 192. Whether the notice of appeal as originally filed is a valid appeal can be raised by a motion by the appellee to dismiss the appeal. Glenn v. American Surety Co., 6 Cir., 160 F.2d 977, 979. The appellee has not done so in this case, but has called the Court's attention to the fact that if the Court regards the notice of appeal as being insufficient, it can at any time, with or without motion, itself raise the jurisdictional question. This Court has accordingly considered the question of jurisdiction on its own initiative. Chicago, B. & Q. R. Co. v. Willard, 220 U.S. 413, 419–421, 31 S.Ct. 460, 55 L.Ed. 521.

On the basis of the following cases, we are of the opinion that jurisdiction exists. State Farm Mutual Automobile Insurance Co. v. Palmer, 9 Cir., 225 F.2d 876, reversed 350 U.S. 944, 76 S.Ct. 321, 100 L.Ed. 823; Nolan v.

Bailey, 7 Cir., 254 F.2d 638, 639; Gunther v. E. I. duPont de Nemours & Co., 4 Cir., 255 F.2d 710, 717; Railway Express Agency, Inc. v. Epperson, 8 Cir., supra, 240 F.2d 189, 192; Donovan v. Esso Shipping Co., supra, 3 Cir., 259 F.2d 65, 68; United States v. Best, 1 Cir., 212 F.2d 743, note 1, at page 744; Grivas v. Parmelee Transp. Co., 7 Cir., 207 F.2d 334, 336, certiorari denied 347 U.S. 913, 74 S.Ct. 477, 98 L.Ed. 1069.

Motion to correct the notice of appeal is overruled.

Appellant's motion that time for filing brief and appendix be extended to August 15, 1959, is sustained.