**Alice CHATHAS and Byron Ellis, Plaintiffs–Appellants,**

v.

**Norbert SMITH, individually and as Chief of Police of Village of Evergreen Park, et al., Defendants–Appellees.**

No. 87–2821.

United States Court of Appeals, Seventh Circuit.

Submitted April 8, 1988.

Decided June 1, 1988.

Leonard M. Ring, Leonard M. Ring and Assoc., Chicago, Ill., for plaintiffs-appellants.

Iris E. Sholder, Asst. State's Atty., Richard M. Daley, State's Atty., Lynn D. Dowd, Hinshaw, Culbertson, Moelmann, Hoban & Fuller, Michael G. Bruton, Pretzel & Stouffer, Chartered, Chicago, Ill., for defendants-appellees.

Before CUDAHY, POSNER and COFFEY, Circuit Judges.

POSNER, Circuit Judge.

We have before us a motion by the appellants in a civil rights case to amend the notice of appeal. The appellees contend that a court of appeals has no power to amend a notice of appeal. This court has not addressed the question before.

On November 9, 1987, the appellants, who were the plaintiffs in the district court, filed in that court their notice of appeal, which stated that they were appealing from the "order of May 4, 1987, granting defendants CAINKAR, KLOMHAUS, BERGMAN, SMITH, ROSS, RUFFALO, DICARLO and CHMIELEWSKI directed verdicts, and the order of October 9, 1987, denying plaintiffs' post-trial motion." The May 4 order had also directed a verdict for defendant Thomas Evoy, but the notice of appeal did not mention his name. On March 29 of this year the appellants filed with us a motion for leave to file an amended notice of appeal, identical to the notice of November 9 except that it adds Evoy's name. The appellees plus Evoy, all of whom are represented by the same lawyer, have filed a statement opposing the motion.

Rule 3(c) of the Federal Rules of Appellate Procedure, which prescribes the contents of the notice of appeal, requires the notice to specify the appellant; the judgment, order, or part thereof appealed from; and the court to which the appeal is taken. There is no mention of appellees; nor does the sample notice of appeal in the Forms Appendix mention naming the appellees. Naming them might, however, be the means of specifying the part of the order appealed from. For example, the appellants appear to have dropped their case against the Village of Evergreen Park and are confining the appeal to the case against

the police chief and other employees of the village who were also defendants in the district court. If the omission of Evoy's name misled Evoy or the other defendants and by doing so harmed him or them, sanctions might be in order, including dismissal of the appeal insofar as it seeks to reverse the judgment in his favor. But there is no suggestion that anyone was misled by the omission.

Nevertheless, the question remains whether this court—a court of appeals—has authority to amend, or allow the appellants to amend, a notice of appeal, which is a document filed in the district court rather than in this court; if not we must deny the motion. *Trivette v. New York Life Ins. Co.*, 270 F.2d 198 (6th Cir.1959) (per curiam), holds that an appellate court lacks the authority, but gives no reasons. The other cases we have found—including a later case in the Sixth Circuit that does not cite *Trivette*—allow technical errors in the notice of appeal to be corrected by a motion to file an amended notice, but do not discuss the issue of jurisdiction. See *Preble v. Johnson*, 275 F.2d 275, 277 (10th Cir. 1960); *Wyse v. Pioneer–Cafeteria Feeds, Ltd.*, 340 F.2d 719, 725 (6th Cir.1965); *Harrison v. United States*, 715 F.2d 1311 (8th Cir.1983) (per curiam). *Preble* is illustrative. The appellant's motion to amend his notice of appeal to correct an erroneous date was met by the appellees' motion to dismiss the appeal itself for want of jurisdiction, because of the error; and the court, stating correctly that a notice of appeal is not invalid merely because of a technical mistake, see, e.g., *United States v. Patel*, 835 F.2d 708, 710 (7th Cir.1987); *Matarese v. LeFevre*, 801 F.2d 98, 105 (2d Cir.1986), denied the appellees' motion *and granted the appellant's*. The latter step was redundant, since by denying the motion to dismiss the appeal the court necessarily held that the original notice of appeal, defective though it may have been, was sufficient to perfect the appeal and preclude dismissal. There was no reason to amend the notice of appeal; unlike a complaint or similar pleading a notice of appeal does not perform a notice function in subsequent litigation. "The object of

the notice [of appeal] is merely to advise the opposite party that an appeal has been taken from a particular judgment in a particular case," *Martin v. Clarke*, 105 F.2d 685, 686 (7th Cir.1939); see also *Bancroft Navigation Co. v. Chadade S.S. Co.*, 349 F.2d 527, 528–29 (2d Cir.1965); *Val Marine Corp. v. Costas*, 256 F.2d 911, 916 (2d Cir.1958), and to facilitate a determination whether the appeal was timely. If these purposes are fulfilled, no interest is served by amending the notice.

In the words "opposite party" quoted from *Martin v. Clarke* we find the heart of the issue raised by the present motion. The notice of appeal notifies the opposite party that the judgment in his favor is being appealed. Ordinarily it does this just by naming the judgment, but where it names all but one of the defendants the omitted defendant may reasonably believe that he is off the hook and need not hire a lawyer to defend the appeal. In such a case we would certainly entertain a motion to dismiss the appeal against him. This is not such a case, since all the defendants are represented by the same counsel at no expense to themselves, and (being public employees) they will undoubtedly be indemnified should the case ever result in an award of damages against them. See *Joseph v. Brierton*, 739 F.2d 1244 (7th Cir. 1984). The omission of Evoy's name from the notice of appeal was thus a harmless error.

■ As this discussion implies, the only reason that occurs to us for a motion to amend a notice of appeal is, by dispelling confusion in the appellees' minds (confusion, perhaps, as to whether they really are appellees), to forestall their arguing that they were misled. If this function could be performed only by such a motion, no doubt we could find jurisdiction under the All-Writs Act, 28 U.S.C. § 1651, to amend what is functionally a part of the appellate process though it is formally a filing in the district court. Cf. *Arthur Andersen & Co. v. Finesilver*, 546 F.2d 338, 341 (10th Cir. 1976). But the doubt-dispelling function can be performed by a letter to the appellees' counsel. There is no need to burden

the courts with an additional motion, which is hereby DENIED.