Richard ANDREWS, Plaintiff–Appellant,

v.

Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant–Appellee.

No. 87–1963.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 6, 1988.

Decided June 10, 1988.

COFFEY, Circuit Judge.

Andrews' disability benefits were withdrawn as a result of an administrative decision that his condition had sufficiently improved. His appeal to the district court resulted in a remand for consideration of new evidence. Upon reconsideration, the department reversed itself and found that Andrews had suffered a disability during all relevant times. Andrews then moved the district court for costs and fees under the Equal Access to Justice Act, and Rule 11 sanctions. The district court found that the government's position was substantially justified. We affirm.

At the age of 35, Richard Andrews became disabled, suffering from a mental illness classified as schizophrenia. Five years later he applied for and obtained disability benefits. In 1981, ten years after the onset of his mental illness, Andrews was reexamined pursuant to Congress's 1980 amendments requiring the Secretary of Health and Human Services to periodically confirm that recipients remain eligible. 42 U.S.C. § 421(h)(1). On the basis of the reexamination, Andrews was notified that his condition had improved sufficiently to make him ineligible for continued disability benefits. He applied for a reconsideration of the decision, but the determination was the same. He appealed to the administrative court, electing to proceed without counsel. The administrative law judge, on *de novo* review, found that the evidence indicated that as of the termination date "the claimant's impairment improved" and that he "was capable of performing basic work activities...." The Appeals Council declined review.

Andrews retained counsel and commenced a civil action for a review of the Secretary's decision. 42 U.S.C. § 405(g). On cross motions for summary judgment, a magistrate found that the decision was supported by substantial evidence on the record as a whole. The record before the administrative law judge contained four doctors' reports and the plaintiff's testimony. One of the reports is from Andrews' own doctor, an internist, five years earlier, indicating that he believed his patient un-

Frederick J. Daley, Frederick J. Daley, Ltd., Chicago, Ill., for plaintiff-appellant.

Ted K. Yosoda, Office of Gen. Counsel, Dept. of Health and Human Services, Chicago, Ill., for defendant-appellee.

Before POSNER, COFFEY, and EASTERBROOK, Circuit Judges.

able to work at that time. The report was corroborated by the psychiatric evaluation of Dr. Martinez, a psychiatrist Andrews had been referred to by the department in 1976. Two other doctors, both independent practitioners, had examined Andrews by referral from the department in the year immediately prior to the hearing. Dr. Pedemonte, a psychiatrist, concluded that as of July, 1981, Andrews could cope with the pressures of unskilled work. She found that Andrews could "understand, carry out and remember instructions" and "would be able to respond appropriately to supervisors and co-workers...." Dr. Panapio, an internist who sought to appraise the validity of Andrews' physical complaints (he claimed to suffer from, among other things, irregular heart beats, chest pains, eye infection, Arthritis and leg problems) concluded that Andrews was in fact in good health. The physical examination revealed no cause or even evidence of the illnesses. His neurological exam found that: "The higher cerebral cortical functions such as understanding, speech, reading, writing, and calculation abilities were normal." More, "[t]here were no psychotic signs [or] indication of any major affective disorder." The magistrate held that the Secretary was justified in relying on the two more recent examinations by neutral doctors. Andrews also asked the magistrate, in the alternative, for a remand to the Secretary on the basis of a new psychiatric evaluation he had commissioned from Dr. Ostrov after the Secretary's decision. Andrews' counsel failed, however, to attach the doctor's report to the motion, so the magistrate was unable to consider it.[1]

The district court adopted the magistrate's report in part. It accepted the finding that the Secretary had acted on substantial evidence. But it took note of Dr. Ostrov's report, apparently properly submitted this time. Reasoning that no other tribunal had had the opportunity to consider Dr. Ostrov's opinion, the district court used its discretion and remanded the case for consideration of the newly proffered evidence. 42 U.S.C. § 405(g). With Dr. Ostrov's report in hand, Andrews returned to the administrative court. The new report convinced the department of Andrews' continuing illness. The administrative law judge found that despite a period of recovery, Andrews had relapsed into disability on the date of Dr. Ostrov's examination. The Appeals Council rejected the recommended decision to the extent it found Andrews had ever enjoyed a period of substantial remission. It reinstated benefits and awarded back benefits in full.

Andrews then returned to the district court to obtain $2,475 in fees and $600 in costs under the Equal Access to Justice Act, ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), or, alternatively, under Rule 11, Fed.R.Civ. P. Having convinced the Secretary of his error, Andrews stands as the prevailing party and is thus entitled to costs and fees unless the position of the United States was substantially justified. The matter was referred to a magistrate, who denied the petition for costs and fees. He observed that the prior decision of the district court had found the Secretary's original decision supported by substantial evidence and had remanded only for consideration of the newly identified evidence from Dr. Ostrov. Having decided that the Secretary's position was supported by substantial evidence, it logically followed that it was substantially justified. The district court adopted the magistrate's recommendation. Andrews appeals.

■ Both parties in this case have given considerable attention to whether an agency position lacking support of substantial evidence (thus failing judicial review) must necessarily also lack substantial justification (producing costs and fees under the EAJA). The facts of this case, however, do not present the question. The remand to the agency was not prompted by a lack of substantial evidence for the Secretary's decision, but rather by new evidence Andrews subsequently acquired and presented. In remanding the case, the district judge found that the "Administrative Law

---

1. The record does not disclose the reason for the omission. We assume counsel simply for-

got.

Judge's report is supported by substantial evidence...."

We agree and conclude that the district court's reasoning and decision was not clearly erroneous. *Ferrell v. Pierce,* 743 F.2d 454, 466 (7th Cir.1984). The administrative law judge reviewed reports from two physicians who had personally examined Andrews in the preceding year, both making findings consistent with non-disability. The opposing medical evidence was five years old and thus not even directly inconsistent with a finding of *improvement* in Andrews' condition and a period of remission of his psychiatric illness. The judge also heard Andrews' testimony but focused his opinion on the medical evidence. Among his written findings, the judge concluded that "[t]he medical evidence reveals that beginning in July 2, 1981, the claimant's impairment improved." The finding is well supported by the record. *See Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (written reports of examining physicians may be substantial evidence notwithstanding directly opposing testimony by the claimant and his medical witness). *Cf. Garrison v. Heckler,* 765 F.2d 710, 713 (7th Cir.1985). It is obvious that a decision which *is* supported by substantial evidence is also substantially justified. Claims under both the EAJA and Rule 11 must therefore fail.

Andrews attempts to characterize the district court's remand as a finding that the Secretary applied the wrong law to his claim. He asserts, *ipse dixit,* that the magistrate and district judge believed that the administrative law judge failed to apply the "medical improvement" test of *Cassiday v. Schweiker,* 663 F.2d 745 (7th Cir. 1981). He neglects to support his view with any analysis of the text of their opinions. We do not agree with his interpretation and refuse to read them as he suggests. The magistrate's recommendation observed that the administrative law judge had found, *inter alia,* that "the claimant's impairment improved" and that he "has the ability to engage in substantial gainful activity...." It also notes that "[t]he record as a whole, reveals substantial evidence to support these findings." These are the necessary findings of the *Cassiday* standard: "current evidence showing that a claimant has improved to the point of being able to engage in substantial gainful activity...." *Id.* at 747. The district judge accepted the magistrate's report on these points and made it clear in his opinion that the reason for the remand was only to allow plaintiff to present new evidence:

"Neither the Administrative Law Judge nor the Magistrate considered the evaluation of Dr. Ostrov. Therefore, although we agree with the Magistrate that the Administrative Law Judge's report is supported by substantial evidence, we find and conclude that this case should be remanded for further consideration by the Administrative Law Judge.... [W]e believe that [he] should reopen the evidence to determine whether Dr. Ostrov has an opinion concerning plaintiff's disability...."

The language is clear about the reason for remand, and cogent on the adequacy of the record to support the Secretary's initial conclusion under the applicable law, the *Cassiday* standard.

Andrews argues alternatively that even if the Secretary's initial decision was supported by substantial evidence on the record as a whole, it was only because the administrative law judge was remiss in failing to order further psychiatric examinations to expand the record. His position is that had the administrative law judge obtained more medical information, it would have established what Dr. Ostrov's report ultimately did. He concludes that the need for additional opinions was so obvious that the government was not substantially justified in proceeding without them.

■ A duty arises in non-adversarial proceedings for the administrative tribunal to fully develop the record. *Sears v. Bowen,* 840 F.2d 394, 401–04 (7th Cir., 1988) (as amended Jan. 26, 1988); *Echevarria v. Secretary of Health and Human Services,* 685 F.2d 751, 755 (2d Cir.1982). We hold that the administrative law judge satisfied that duty and that the record was suitably extensive. The administrative law judge considered reports from two physicians, one a specialist in psychiatry, who had personally examined Andrews in the last year. Each made findings consistent with the

other's on the issue of vocational disability. We are not convinced that he was obligated to order more examinations at the government's expense without a reason to expect that the results would differ. *See Johnson v. Bowen,* 648 F.Supp. 443, 449–50 (N.D.Ill. 1986). Proceeding to defend the administrative law judge's decision on the basis of these evaluations was substantially justified and cannot be the basis of recovery under the EAJA.

Having found the position of the United States substantially justified, we refuse to impose Rule 11 sanctions. A parties' position must be frivolous to merit sanctions under Rule 11. *Indianapolis Colts v. Mayor & City Council,* 775 F.2d 177, 181 (7th Cir.1985). Frivolousness is a greater degree of nonsense than lack of substantial justification; the absence of the latter implies the absence of the former. *See Mager v. Heckler,* 621 F.Supp. 1009, 1012 (D.Colo.1985); *Zimmerman v. Schweiker,* 575 F.Supp. 1436, 1440–41 (E.D.N.Y.1983).

The order of the district court denying plaintiff's motion for costs and fees is

AFFIRMED.