852 F.2d 1288
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles R. WATERS, Defendant-Appellant.
 No. 88-3367.
 United States Court of Appeals, Sixth Circuit.
 Aug. 2, 1988.
 
 Before MILBURN and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This matter is before the court upon consideration of the appellant's transcript order form which was construed as a motion for leave to proceed in forma pauperis and for transcript at government expense.
 
 
 2
 A judgment and commitment order was entered against the appellant on October 21, 1985, on four counts of failure to file federal income tax returns in violation of 26 U.S.C. Sec. 7203. He was sentenced to thirty days imprisonment on count 1 plus a fine of $10,000.00. The imposition of the sentence was suspended and he was placed on probation for a period of three years on each of counts 2, 3 and 4 to run concurrently with each other and to commence upon his release from custody on count 1. On January 28, 1988, a petition for probation action seeking a probation violation hearing was filed in the district court. Appellant sought and was denied change of venue from the district court in Cleveland, Ohio, to the district court in San Antonio, Texas. He failed to appear for the March 7, 1988, probation revocation hearing and on March 15, 1988, an order directing the issuance of a bench warrant was issued. He tendered with the district court in San Antonio, Texas, a notice of appeal dated April 6, 1988, to the United States Supreme Court. That district court forwarded the notice of appeal to Mobile, Alabama, who then forwarded it to the district court in Cleveland, Ohio. That notice of appeal filed April 22, 1988, was docketed in this court as appeal number 88-3367.
 
 
 3
 A hearing was held in the district court on April 15, 1988. On that date, the district court revoked appellant's probation; vacated the October 21, 1985, judgment and commitment order as to counts 2, 3 and 4; sentenced appellant to the custody of the Attorney General of the United States for one year on each of the three counts to run concurrently; and ordered appellant to pay the costs of the probation action. An order and judgment to that effect were entered on April 25, 1988. Appellant filed in the district court on April 27, 1988, a notice of appeal to the United States Supreme Court and demand for release on his own recognizance. That notice of appeal was not forwarded by the district court for docketing in this court as an appeal.
 
 
 4
 A court of appeals has a duty to consider sua sponte whether appellate jurisdiction is properly invoked. F.W. Kerr Chem. Co. v. Crandall Assoc., Inc., 815 F.2d 426, 428 (6th Cir.1987) (per curiam); Ambrose v. Welch, 729 F.2d 1084, 1085 (6th Cir.1984) (per curiam). Although appellant's notices of appeal filed in the district court named the United States Supreme Court as the court to which the appeals were being taken, this error does not prejudice the appellee nor does it invalidate the appeals. Cf. Freeman v. Petsock, 820 F.2d 628, 630 (3d Cir.1987); Trivette v. New York Life Ins. Co., 270 F.2d 198 (6th Cir.1959), cert. denied, 368 U.S. 838 (1961).
 
 
 5
 However, this court does not have jurisdiction in appeal number 88-3367 docketed from the April 6, 1988, notice of appeal because it was taken from a nonfinal order. The final judgment in a criminal case is the sentence. United States v. Bratcher, 833 F.2d 69, 71 (6th Cir.1987), cert. denied, --- U.S. ---, 108 S.Ct. 760 (1988). Appellant's notice of appeal prepared April 6 sought to appeal all "adverse orders." It was not until the April 15 hearing that the sentence was announced and on April 25, the order and judgment were entered.
 
 
 6
 It is ORDERED that the motion for pauper status and transcript in appeal number 88-3367 be denied and appeal number 88-3367 be and hereby is dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.
 
 
 7
 The clerk of this court is directed to docket the April 27, 1988, notice of appeal from the sentence and advise the parties of the appeal number assigned to that notice of appeal. The clerk is further directed to file the motion for pauper status and transcript at government expense originally filed in appeal number 88-3367 in the new appeal. The appellant must file a financial statement as provided by Fed.R.App.P. 24(a).