APPEAL OF DISTRICT OF COLUMBIA NURSES' ASSOCIATION.

Thelma BATTLE, et al.

v.

DISTRICT OF COLUMBIA.

No. 88–7074.

United States Court of Appeals, District of Columbia Circuit.

Aug. 30, 1988.

Douglas Taylor, Washington, D.C., for appellant.

Frederick D. Cooke, Jr., Corp. Counsel, Charles L. Reischel, Deputy Corp. Counsel, and Susan S. McDonald, Asst. Corp. Counsel, Washington, D.C., for appellee.

Before MIKVA, BUCKLEY, and D.H. GINSBURG, Circuit Judges.

Opinion PER CURIAM.

Concurring statement filed by Circuit Judge MIKVA.

ON RESPONSES TO ORDER TO SHOW CAUSE

PER CURIAM:

Appellant District of Columbia Nurses' Association ("D.C.N.A.") noted this purported appeal from an order entered by the district court granting the District of Columbia's motion for summary judgment and denying the motion for summary judgment filed by individual plaintiffs. Concern about our jurisdiction prompted the court to issue an order for the parties to show cause as to why the appeal should not be dismissed for lack of jurisdiction. The District of Columbia responded with a short memorandum urging dismissal. D.C.N.A. responded with a motion to allow appeal and redesignate appellants. We deny D.C.N.A.'s motion and dismiss the appeal.

D.C.N.A. and several nurses who are D.C.N.A. members commenced this action in the district court to challenge the failure of the District of Columbia to pay its nurses overtime at the rate of time-and-a-half as they contend is required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a)(1) (1982). D.C.N.A. and the individual nurses are represented by the same counsel.

The District of Columbia moved for summary judgment, claiming, *inter alia*, that

D.C.N.A. lacks standing under the FLSA. In response to this claim, the plaintiffs filed a motion to amend their complaint to remove D.C.N.A. as a party and designate one of the individual nurses as lead plaintiff. The district court granted the motion, and the Clerk filed the amended complaint in which D.C.N.A. was no longer listed as a plaintiff.

Several weeks later, the district court granted the District of Columbia's motion for summary judgment. D.C.N.A. filed a notice of appeal captioned "The District of Columbia Nurses' Association, *et al.*, Plaintiffs," stating that "[n]otice is hereby given that [D.C.N.A.], Plaintiff named above, hereby appeals to [this court] from the final judgment entered in this action on the 28th day of January, 1988." This court entered an order to show cause why the appeal should not be dismissed since the purported appellant was no longer a plaintiff at the time of the judgment and no remaining plaintiff had been identified as an appellant. *See Torres v. Oakland Scavenger Co.,* — U.S. —, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988) (court of appeals only has jurisdiction over appeals of parties identified in notice of appeal); *United States v. LTV Corp.,* 746 F.2d 51, 53 (D.C. Cir.1984) (only party to district court action may note an appeal).

In response to our order to show cause, D.C.N.A. raises several arguments that it claims establish the court's jurisdiction over this appeal, none of which is persuasive. First, it asserts that D.C.N.A. "appeared to be considered a party by the court below" and that "it was not clear that D.C.N.A. was no longer a party" because its name continued to appear in the caption on papers prepared by the district court after the court granted the motion to amend. Appellant's Memorandum in Support of Motion to Allow Appeal and Redesignate All Plaintiffs as Appellants ("Appellant's Memorandum") at 2.

■ D.C.N.A. removed itself from the case on its own motion. In the mind of D.C.N.A.'s counsel, D.C.N.A. was no longer a party until this court questioned its jurisdiction over this appeal. *See* Certificate of Counsel Pursuant to General Rule 11(a)(1) filed March 30, 1988 ("Originally, the [D.C.N.A.] was a party to this action, but was removed by order of the Court"). Furthermore, it is clear that the district court considered D.C.N.A. no longer to be a party because it describes plaintiffs as "registered nurses" with no mention of an organization. Memorandum filed January 28, 1988 at 1. Given these circumstances, D.C.N.A.'s assertion that it was still a party to the district court proceedings after that court granted the motion to amend rings false indeed.

D.C.N.A. also claims that even if it is no longer a party, it has standing to appeal. D.C.N.A. misreads *United States v. LTV Corp.,* 746 F.2d 51 (D.C.Cir.1984), when it claims that in order to appeal, all that is necessary is that "[a]n appellant ... be 'privy to the record' below and ... be aggrieved by the order appealed from." Appellant's Memorandum at 4. This court clearly stated that "the general rule [is] that an appellant must be a party to the proceedings in order to file an appeal." *Id.* at 53. Although we recognized that there are certain exceptions to the general rule that an appellant must be a party, *id.* at 53 n. 5, none is applicable here.

■ D.C.N.A.'s reliance on *Adams v. Morton,* 581 F.2d 1314 (9th Cir.1978), *cert. denied,* 440 U.S. 958, 99 S.Ct. 1498, 59 L.Ed.2d 771 (1979), is equally misplaced. In *Adams,* the appellant filed objections to a motion for summary judgment in the district court but did not file a motion to intervene. "The [district] court properly viewed appellant's objections as a formal entry into the case, and decided the merits of the motion as if appellant had participated in every stage of the proceedings.... [A]ppellant's counsel ... conceded that his client should be treated as an intervenor." *Id.* at 1318. In this case, on the other hand, D.C.N.A. *removed* itself from the case *after* participating in the earlier stages. Accordingly, it cannot successfully argue that it is still a party because it participated below.

D.C.N.A. also asserts that because of the congruity of interests among D.C.N.A. and

the individual nurses ("Thelma Battle, *et al.*"), the appeal by D.C.N.A. should be considered an appeal by the individual nurses. D.C.N.A. argues that if the body of the notice of appeal had read "District of Columbia Nurses' Association, *et al.*," rather than simply "District of Columbia Nurses' Association," the individual nurses would have been permitted as appellants. Based on this claim, the Association moves this court for an order designating the nurses as appellants.

In support of its motion, D.C.N.A. relies on two opinions of the Fifth Circuit: *Ayres v. Sears, Roebuck & Co.*, 789 F.2d 1173 (5th Cir.1986), and *Parrish v. Board of Comm'rs of Alabama State Bar*, 505 F.2d 12 (5th Cir.1974), *opinion withdrawn on other grounds*, 509 F.2d 540, *reh'g en banc*, 524 F.2d 98 (5th Cir.1975), *cert. denied*, 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed. 2d 188 (1976), *appeal after remand*, 533 F.2d 942 (5th Cir.1976). In those two cases, the Fifth Circuit followed "a less strict application of [Fed.R.App.P. 3(c) ], permitting, in limited instances, appeals by parties not named in the notice of appeal." *Ayres*, 789 F.2d at 1177. Inexplicably, D.C. N.A. does not discuss *Torres v. Oakland Scavenger Co.*, —— U.S. ——, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988), cited in this court's order to show cause.

Torres was one of a number of plaintiffs who, after receiving notice of a proposed settlement agreement, intervened in an employment discrimination suit against Oakland Scavenger. The complaint in intervention was dismissed and the plaintiffs appealed, but Torres' name was inadvertently omitted from the notice of appeal. The Ninth Circuit reversed and remanded the case.

On remand, the district court applied Rule 3(c) strictly and held that Torres had failed to appeal the original judgment; therefore, the judgment was final as to him. The Ninth Circuit affirmed. The Supreme Court granted certiorari to resolve a conflict in the circuits, identifying *Ayres* as one of the cases following the contrary rule. *Id.* 108 S.Ct. at 2407 & n. 1. The Court rejected the more liberal application

of Rule 3(c) used by the Fifth Circuit in *Ayres*, and held that parties taking an appeal must be named or otherwise identified in the notice of appeal. The court of appeals does not have jurisdiction over an appeal by a purported appellant not identified in the notice. *Id.* at 2409.

The Court explicitly rejected the argument that use of the term *"et al."* sufficiently identifies a party as an appellant, stating that the term utterly fails "to provide notice both to the opposition and to the court of the identity of the appellant or appellants." *Id.* While the Court left open the possibility of amendment of the notice within the time limits set by Rule 4, the motion to amend to include the individual nurses is untimely. *See* Fed.R.App.P. 4(a)(5).

Relying on *Chathas v. Smith*, 848 F.2d 93 (7th Cir.1988), D.C.N.A. argues that this court has power to include the nurses in the appeal pursuant to the All Writs Act, 28 U.S.C. § 1651. In *Chathas*, the question presented to the court was whether failure to identify a particular *appellee* in a notice of appeal would be fatal to the appeal against that appellee. The court held that since omission of the name did not mislead the putative appellee, the omission was harmless error and amendment of the notice was unnecessary. The court also stated that in appropriate situations, the All Writs Act could provide the power to amend the notice to identify an appellee.

 While Rule 3(c) requires that appellants be identified it does not require that appellees be identified; therefore, when an appellee is not identified, as in *Chathas*, the court has jurisdiction over the appeal, and the issuance of a writ adding a party below as an appellee would be "in aid of [that] ... jurisdiction[ ]." 28 U.S.C. § 1651(a). When a purported *appellant* is not identified, however, the court has no jurisdiction over the appeal. *Torres*, 108 S.Ct. at 2409. An order of this court granting status as appellants to the individual nurses would have the effect of *creating* jurisdiction in this court when the court does not have jurisdiction, a power not granted by the All Writs Act. *McClung v.*

*Silliman,* 19 U.S. (6 Wheat) 598, 5 L.Ed. 340 (1821); *Telecommunications Research & Action Center v. FCC,* 750 F.2d 70, 76 (D.C.Cir.1984). Therefore, we do not have the power to "redesignate" the nurses as appellants.

This appeal was noted by a former plaintiff that had become a stranger to the litigation. No remaining plaintiff noted an appeal, and this court does not have the power to grant status as appellants to those remaining plaintiffs based on the use of the term "et al." in the notice of appeal or the relationship between the remaining plaintiffs and the former plaintiff that noted the appeal. Consequently, we deny the motion to allow appeal and redesignate appellants, and dismiss the appeal for lack of jurisdiction.

*So ordered.*

MIKVA, Circuit Judge, concurring:

I write separately to underscore the particularly harsh result that follows from today's decision in this case. I agree the result is compelled by the Supreme Court's recent interpretation of Federal Rule of Appellate Procedure 3(c) in *Torres v. Oakland Scavenger Co.,* 108 S.Ct. 2405 (1988); the case uniquely illustrates how tough the rule can be.

Plaintiffs' appeal on the merits of their case will not be heard simply because their notice of appeal failed to specify all their names—even though there has been no surprise, detrimental reliance, or undue prejudice to the appellee. I cannot believe this result is consistent with the intent of the Federal Rules to "secure the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1. It would appear that we are back to the bad old days of the snares and tricks that would befall an inartful pleader at the common law. The advent of the Federal Rules of Civil Procedure, as the title implies, was supposed to civilize the process and look to fairness rather than technicalities.

Unless and until Congress or the Supreme Court decrees otherwise, we must deny these litigants their right to appeal. I reluctantly concur.