918 F.2d 958
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jerry SPARKS, Plaintiff-Appellant,
v.
KENTUCKIANA FOOTBALL OFFICIALS ASSOCIATION, Butch Stovall,
Chick De Sensi, Bill Furlong, Carl "Fuzzy" Klusman, Bruce
McCorkle, Bobby McGrath, Tony Martin, John Passafiume, Jim
Gutterman, Charlie Showalter, Gil Downs, John Wuerth, Danny
Doyle, Don Metzger, Kentucky Board of Education, Clay Parks,
Lila Bellando, Kenneth James, Harry Fields, Jay Stuart, W.D.
Kelley, O'Leary Meece, Henry E. Pogue, IV, James Ratcliffe,
Robert Ruberg, Beverly Schneider, Steve Ishmael, Defendants-Appellees.
 Nos. 90-5871, 90-6218.
 United States Court of Appeals, Sixth Circuit.
 Nov. 20, 1990.
 
 Before KENNEDY and MILBURN, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 These matters are before the court upon consideration of the motions to dismiss and response to a show cause order. The Kentucky State Board of Education, Parks, Bellando, James, Fields, Stuart, Kelley, Meece, Pogue, Ratcliffe, Ruberg and Schneider move to be dismissed as appellees in appeal no. 90-5871 because they were not named as appellees in the notice of appeal. The appellant has failed to respond to that motion in this court but did file an amended notice of appeal in the district court seeking to add those parties as appellees. The amended notice of appeal was docketed in this court as appeal no. 90-6218. Kentuckiana Football Officials Association, Stovall, DeSensi, Furlong, Klusman, McCorkle, McGrath, Martin, Passafiume, Gutterman, Showalter, Downs, Wuerth, Doyle, Metzger and Ishmael also move to be dismissed as appellees in appeal no. 90-5871. Appellant has responded to that motion. Appellant has also responded to this court's October 11, 1990, order directing him to show cause why appeal no. 90-6218 should not be dismissed for lack of jurisdiction because of a late notice of appeal. Such response states that the original notice of appeal docketed as appeal no. 90-5871 was filed within the appeal period and that the notice of appeal docketed as appeal no. 90-6218 was merely an amendment of the timely-filed notice of appeal.
 
 
 2
 A review of the record indicates that judgments were entered April 6, 1989, granting summary judgment for Kentuckiana Football Officials Association, all members thereof, its officers and/or officials; and dismissing Ishmael as a defendant. Numerous motions were subsequently filed by the appellant which included a motion to add Tony Backert, the president of the KFOA, as a defendant. KFOA and Backert opposed that motion. The final order of the district court was entered April 11, 1990, which dismissed the remaining defendants which consisted of the Kentucky State Board of Education and its individual members. The order also denied all pending motions as moot. A Fed.R.Civ.P. 59 motion was served on April 16 and filed April 17, 1990, seeking to vacate the judgment. Such motion tolled the appeal period as provided by Fed.R.App.P. 4(a)(4). The motion was denied by order entered May 31, 1990. Appellant filed a notice of appeal on June 27, 1990, from the May 31, 1990, order (appeal no. 90-5871). Although such order is not appealable, the appeal may be treated as having been taken from the final decision of April 11, 1990, because the Fed.R.Civ.P. 59 motion tolled the appeal period. See Peabody Coal Co. v. Local Union Nos. 1734, 1508 & 1548, UMW, 484 F.2d 78, 81 (6th Cir.1973). The June 27, 1990, notice of appeal specifically named as appellees only KFOA (Kentuckiana Board of Football Officials), Tony Backert and Tom Mills. The amended notice of appeal filed September 19, 1990, (appeal no. 90-6218) named the same three parties as appellees but sought to add the Kentucky Board of Education and its individual members consisting of Parks, Bellando, James, Fields, Stuart, Kelley, Meece, Pogue, Ratcliffe, Ruberg and Schneider as appellees in appeal no. 90-5871.
 
 
 3
 Although Fed.R.App.P. 3(c) does not require a notice of appeal to name appellees to an appeal, the purpose of such document is to notify the opposite party that the judgment in his favor is being appealed. Chathas v. Smith, 848 F.2d 93, 94 (7th Cir.1988). The notice of appeal filed June 27, 1990, specifically named only three appellees, of which only KFOA was a defendant in the district court. A review of the district court docket sheet indicates that appellant sought to add Backert as a defendant but there is no reference to any motion to add Mills nor any indication that Mills was served with summons. The notice of appeal, therefore, can be treated as notice to KFOA of an appeal of the decision and to Backert as an appeal of the denial to add him as a defendant. Mills was not a party in the district court and, therefore, is not a party on appeal.
 
 
 4
 As stated in Chathas, 848 F.2d at 94, a notice of appeal is notice by an appellant to the opposing parties that such parties must defend the judgment in their favor. Defendants not named may reasonably believe that such notice of appeal does not apply to them. Chathas, however, allowed unnamed defendants to be treated as appellees when all the defendants were represented by the same counsel and at no expense to themselves because they were public employees. Id. Such is not the case in the instant appeal in that three attorneys represented the various defendants. Therefore, Chathas does not support the addition of the unnamed defendants as appellees in the appeal.
 
 
 5
 The amended notice of appeal (appeal no. 90-6218) was the appellant's method of attempting to cure the omission of numerous appellees from the original notice of appeal. Such September 19, 1990, amended notice of appeal was filed 111 days after entry of the May 31, 1990, order denying the Fed.R.Civ.P. 59 motion. It was also filed outside the thirty-day extension period provided by Fed.R.App.P. 4(a)(5). Accordingly, this court lacks jurisdiction in appeal no. 90-6218. See Donlin v. Watkins, 814 F.2d 273, 276 (6th Cir.1987).
 
 
 6
 The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Fed.R.App.P. 4(a) is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. Baker v. Raulie, 879 F.2d 1396, 1398 (6th Cir.1989) (per curiam); McMillan v. Barksdale, 823 F.2d 981, 982 (6th Cir.1987); Myers v. Ace Hardware, Inc., 777 F.2d 1099, 1102 (6th Cir.1985); Denley v. Shearson/American Express, Inc., 733 F.2d 39, 41 (6th Cir.1984) (per curiam); Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016, 1018 (6th Cir.1983). Fed.R.App.P. 26(b) specifically provides that this court cannot enlarge the time for filing a notice of appeal.
 
 
 7
 It is ORDERED that the motions to dismiss certain parties in appeal no. 90-5871 be, and they hereby are, granted in part. The only appellees in that appeal are KFOA and Backert. Rule 8, Rules of the Sixth Circuit.
 
 
 8
 It is further ORDERED that appeal no. 90-6218 be, and it hereby is, dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.