941 F.2d 466
 138 L.R.R.M. (BNA) 2163, 119 Lab.Cas. P 10,863,
20 Fed.R.Serv.3d 369
 INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE &
AGRICULTURAL IMPLEMENT WORKERS OF AMERICA; Local 217
International Union, United Auto, Aerospace and Agricultural
Implement Workers of America, Plaintiffs-Appellees,
v.
UNITED SCREW & BOLT CORPORATION, Defendant-Appellant.
 No. 90-3972.
 United States Court of Appeals,
Sixth Circuit.
 Argued Aug. 1, 1991.
Decided Aug. 15, 1991.
 
 Betty Grdina on brief, Bobulsky & Grdina, Ashtabula, Ohio and Jay Whitman, argued, Associate Gen. Counsel, Intern. Union, UAW, Detroit, Mich., for plaintiffs-appellees.
 John R. Cernelich, argued and on brief and Donald F. Woodcock on brief, Calfee, Halter & Griswold, Cleveland, Ohio, for defendant-appellant.
 Before MARTIN and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 BOYCE F. MARTIN, Jr., Circuit Judge.
 
 
 1
 United Screw & Bolt Corporation filed an appeal from the district court's order compelling arbitration of two grievances pursued by International Union, UAW and UAW Local 217. The notice of appeal named only the International as an appellee. United Screw & Bolt asserts the grievances were not subjects of the collective bargaining agreement and, thus, not subject to arbitration. We believe the district court was correct in compelling arbitration and, thus, affirm its judgment.
 
 
 2
 On August 1, 1989, United Screw & Bolt and UAW entered into a collective bargaining agreement which is effective until July 31, 1992. This collective bargaining agreement replaced an agreement which was in effect from August 1, 1986 through July 31, 1989. Paragraph 25 of the 1989 agreement sets forth the boundaries for the grievance/arbitration procedure:
 
 
 3
 In the event of any dispute or disagreement between the Company and the Union or the Company and any employee or employees, which concerns a matter involving the interpretation or application of, or compliance with any of the terms of this Agreement, the dispute shall be processed in accordance with the procedure specified in the following paragraphs:
 
 
 4
 Paragraph 30 provides the rules for the arbitrator:
 
 
 5
 The arbitrator shall have jurisdiction and authority only to interpret, apply, or determine compliance with the provisions of this Agreement, but he shall not have jurisdiction to add to, detract from, or alter in any way the provisions of this agreement....
 
 
 6
 UAW seeks to arbitrate two separate grievances under this agreement.
 
 
 7
 The first dispute concerns a wage premium for certain heavy machine operators. The 1986 agreement provided that an hourly wage premium be paid to employees who work on certain heavy equipment, including shears and presses. Also included in the old agreement were incentive payments for employees based on a piecework system and "tonnage" bonuses for group leaders based on the amount of work their departments shipped.
 
 
 8
 United Screw & Bolt and the UAW agreed in 1989 to incorporate from the old agreement all issues not specifically changed in negotiations. During those negotiations, United Screw & Bolt and the UAW agreed to eliminate the piecework incentive system and tonnage payments, but they did not specifically discuss the wage premium for heavy equipment. The 1989 agreement does not mention this premium.
 
 
 9
 United Screw & Bolt asserts UAW negotiated this premium away with the elimination of the piecework incentive system. UAW asserts this premium was carried over from the 1986 agreement because it was not specifically changed in the 1989 negotiations.
 
 
 10
 The second dispute concerns the consolidation of certain job classifications and their training requirements and benefits. In the 1989 negotiations, United Screw & Bolt and UAW agreed to consolidate certain job classifications; this included the consolidation of "Miscellaneous Machine Operators" into the "Utility Pool" or "Group VIII."
 
 
 11
 United Screw & Bolt and UAW agree that individuals in the consolidated jobs are required to cross-train and learn other skills in their job classification. UAW asserts that an exception to this requirement was made for Miscellaneous Machine Operators, thus allowing them to earn a wage of $9.36 per hour regardless of whether they are cross-trained. The company asserts this wage rate is only for individuals in Group VIII who are completely cross-trained, i.e. have learned all skills within the group. Basically, the dispute is whether a Miscellaneous Machine Operator needs to cross-train in order to earn $9.36 an hour. The agreement sets forth the following as the cross-training requirements for Group VIII:
 
 
 12
 This Group requires mandatory cross-training excluding those who have been grandfathered for whatever reason.
 
 The agreement also states:
 
 13
 In Groups I, II, III, IV, V, VI and VII each employee who has qualified will automatically receive the top rate in their respective group effective August 1, 1989. For those employees who are currently in training status will be moved to the designated training rate effective August 1, 1989 and will be moved toward the top rate according to our training schedule.
 
 
 14
 In Group VIII it was agreed that those employees who for whatever reason have or could not reasonably be expected to learn all jobs in that Group will be given a fifteen cent ($.15) increase and grandfathered (frozen). For those employees who have qualified for more than one job have been assigned increases of three cents ($.03) for each job for which they are qualified. Utility Pool employees (excluding Miscellaneous Machine Operator) will not be assigned to a specific task within that Group.
 
 
 15
 The district court granted UAW's motion for summary judgment, ruling that the grievances should proceed to arbitration:
 
 
 16
 The Court finds that the presumption of arbitrability applies to both grievances. There is no indication of an exclusion. Both grievances concern what was agreed to during negotiations for the 1989-1992 agreement.... The arbitration clause is susceptible to an interpretation that covers these disputes because they concern matters involving the interpretation or compliance with terms of the agreement.
 
 
 17
 United Screw & Bolt filed this timely appeal.
 
 
 18
 Before we address the substantive merits of this appeal, we are again confronted with the need to interpret Federal Rule of Appellate Procedure 3(c), which sets forth the requirements for the content of the notice of appeal. An appeal from a district court to the court of appeals is taken by filing a notice of appeal. The question of whether the notice of appeal creates a valid appeal can be raised by the appellee, or if we believe the Notice may be insufficient, we may, with or without motion, raise the jurisdictional question. Trivette v. New York Life, 270 F.2d 198 (6th Cir.1959). We raise the question in this case.
 
 
 19
 United Screw and Bolt Corporation filed a Notice of Appeal in this case on October 30, 1990. The Notice's caption sets forth:
 
 
 20
 INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE, AND AGRICULTURAL WORKERS OF AMERICA, UAW, et al.,
 
 
 21
 Plaintiffs,
 
 
 22
 vs.
 
 
 23
 UNITED SCREW & BOLT CORP.,
 
 
 24
 Defendants.
 
 The body of the Notice states:
 
 25
 NOTICE IS HEREBY GIVEN that United Screw & Bolt Corporation, the defendant in the above-captioned litigation ("Defendant"), hereby appeals to the United States Court of Appeals for the Sixth Circuit from the Order of the U.S. District Court (Judge White) entered October 2, 1990 granting summary judgment for Plaintiff UAW in the above-captioned matter.
 
 
 26
 Both the International union and Local 217 are parties to the agreement at issue; both were the named plaintiffs in the district court proceedings. However, Local 217 is not mentioned in the Notice of Appeal. Because of this imprecise drafting and because of several opinions which refer to the requirement of naming the appellant, we now turn to the issue of whether the appellee must be designated with the same precision.
 
 
 27
 As with most decisions interpreting procedural rules, our most important task, after fidelity to any Supreme Court decisions bearing upon the question, is to provide an understandable and practical guide to the application of the federal rules so that litigants don't innocently frustrate their access to our courts.
 
 
 28
 Minority Employees v. Tennessee Dep't of Employment Security, 901 F.2d 1327, 1328 (6th Cir.1990). To help achieve this goal, we believe it is best to set forth in detail the rule and precedents which guide our analysis. Federal Rule of Appellate Procedure 3(c) states:
 
 
 29
 (c) Content of the Notice of Appeal. The notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken. Form 1 in the Appendix of Forms is a suggested form of a notice of appeal. An appeal shall not be dismissed for informality of form or title of the notice of appeal.
 
 
 30
 This seemingly benign rule has repeatedly created problems for parties on appeal. We believe this is partially caused by the Rule's recommended Form, which is:
 
 
 31
 Form 1. Notice of Appeal to a Court of Appeals From a Judgment or Order of a
 District Court
 United States District Court for the __________
 District of __________
 File __________
A.B., Plaintiff
 v. Notice of Appeal
C.D., Defendant
 Notice is hereby given that C.D., defendant above named, hereby appeals to the
 United States Court of Appeals for the __________ Circuit (from the final
 judgment) (from the order (describing it)) entered in this section on the
 __________ day of __________, 19____.
 (S) ______________________
 ______________________
 (Address )
 Attorney for C.D.
----------
 
 
 32
 This simple form is sufficient for a notice of appeal when the action involves only two parties, but when three or more parties are involved the form is, at best, unhelpful, and, at worst, misleading. We cannot overemphasize the need for appellants in actions involving three or more parties to look beyond this form for guidance in drafting a notice of appeal. The Supreme Court decision in Torres v. Oakland Scavenger Co., 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988) and our en banc decision in Minority Employees have created--as we have determined is necessary--inflexible rules which are sure to trap the unwary and the uninstructed.
 
 
 33
 In Torres, the Supreme Court was confronted with the issue of whether the use of the term "et al.," used to represent a group of plaintiff-appellants, was specific enough to comply with the requirements of Rule 3(c). The Court ruled it was not; the purpose behind the specificity requirement of Rule 3(c)--to provide notice to the appellee and the court of the identity of the appellant or appellants--was not satisfied. Torres, 487 U.S. at 318, 108 S.Ct. at 2409.
 
 
 34
 In Minority Employees, this circuit was confronted with an analogous situation. The caption to the Notice of Appeal in Minority Employees represented both defendants and plaintiffs with the term "et al." and the body of the notice referred to "Plaintiffs." An en banc court ruled jurisdiction over unnamed plaintiffs-appellants was barred, concluding that neither "et al." nor "plaintiffs" was sufficient to designate the appealing parties. Minority Employees, 901 F.2d at 1330-1332. The court concluded that "unless a party is named in the notice of appeal, the appellate court does not have jurisdiction over him." Id. at 1334 (Order reported at 807 F.2d 178 (9th Cir.1986), cited by Torres, 108 S.Ct. at 2407); see Santos-Martinez v. Soto-Santiago, 863 F.2d 174, 176 (1st Cir.1988) ("all plaintiffs appeal" is insufficient under Fed.R.App.P. 3(c)); but see Adkins v. United Mine Workers, 941 F.2d 392, 396-98 (6th Cir.1991) ("all of the plaintiffs" sufficient under Fed.R.App.P. 3(c) to confer jurisdiction over all of the plaintiffs who pursued the complaint in the district court to final judgment even though the notice of appeal only specifically listed one plaintiff by name).
 
 
 35
 In the caption to its Notice of Appeal, United Screw & Bolt places the name of the International union, followed by "et al." In the Notice's body, United Screw & Bolt merely mentions "Plaintiff UAW." Local 217 is not specifically mentioned anywhere in the Notice. In light of the broad language used in Torres and Minority Employees, we must consider whether the Notice of Appeal filed by United Screw & Bolt serves to confer this court jurisdiction over the Local 217. Torres, 487 U.S. at 314, 108 S.Ct. at 2407 (The failure to name a party in a notice of appeal is more than excusable "informality."); Minority Employees, 901 F.2d at 1334 ("[u]nless a party is named in the notice of appeal, the appellate court does not have jurisdiction over him," citing Order reported at 807 F.2d 178 (9th Cir.1986)). Because our holding in Minority Employees is not asymmetrical, applying only to the parties raising the appeal, we conclude that the Notice of Appeal filed by United Screw & Bolt was sufficient to confer jurisdiction upon this court over the Local 217.
 
 
 36
 The material fact which distinguishes this case from both Torres and Minority Employees is that in this case, United Screw & Bolt, the appellant, failed to specifically mention an appellee, Local 217, in its Notice of Appeal, whereas in both Torres and Minority Employees it was the party who was purportedly taking the appeal which was not named in the notice of appeal. At first blush, this might appear to be a distinction without a difference, however, on closer examination the importance of this distinction becomes readily apparent. Both Torres and Minority Employees purported to merely effectuate the express requirements of Fed.R.App.P. 3(c); significantly, Fed.R.App.R. 3(c) only requires, inter alia, that the notice of appeal "specify the party or parties taking the appeal." There is no mention of appellees; nor does the sample notice of appeal in the Forms Appendix mention naming the appellees. Instead, Rule 3(c) requires that the notice of appeal to "designate the judgment, order or part thereof appealed from." United Screw & Bolt fulfilled this requirement by alluding to "the Order of the U.S. District Court (Judge White) entered October 2, 1990." Because Fed.R.App.P. 3(c) contains no requirement that the notice of appeal contain the names of the appellees, we feel it unwise to engraft such a requirement to the otherwise explicit language of Rule 3(c).
 
 
 37
 Nor do we feel that the Torres or Minority Employees decisions compel an opposite conclusion. In both of these cases, the respective courts utilized the generic term "party or parties" in discussing the notice of appeal requirements. Although this term could logically be interpreted to apply to both appellants and appellees, closer examination of these cases reveals that the term was utilized in the context of Rule 3(c), that is, the party or parties taking the appeal.
 
 
 38
 Furthermore, the results in Torres and Minority Employees were compelled by the need "to provide notice both to the opposition and to the court of the identity of the appellant or appellants." 487 U.S. at 318, 108 S.Ct. at 2409; 901 F.2d at 1333. This "notice" consideration does not carry equal force when applied to identifying the appellees. Presumably, the appellees will be identified by the specific order or judgment the appealing party lists in its notice of appeal. Ordinarily, an appeal from a final judgment draws into question all prior non-final rulings and orders. Taylor v. United States, 848 F.2d 715, 717-18 (6th Cir.1988) (quoting McLaurin v. Fischer, 768 F.2d 98, 101 (6th Cir.1985)). However, if an appellant chooses to designate specific determinations in his notice of appeal, only those determinations may be raised on appeal. McLaurin, 768 F.2d at 102 (citing Drayton v. Jiffee Chemical Corp., 591 F.2d 352, 361 n. 10 (6th Cir.1978)). It is the order or judgment from which the appellant appeals and not the specific mention of the appellees that provides the court and any opposing parties the necessary notice. For example, in this case United Screw & Bolt appealed the district court's order which granted summary judgment to both the International union and the Local 217. Notwithstanding United Screw's failure to specifically mention the Local 217 in its Notice of Appeal, both parties were put on notice that the entire judgment which determined their legal rights with respect to each other was being called into question. If for some reason an appellant wishes to only appeal a certain portion of a judgment he can either explicitly limit his appeal to that issue by inserting the appropriate language in his notice of appeal or appeal the entire judgment and indicate to those parties who will be unaffected by the issues he intends to raise on appeal of that fact. See Chathas v. Smith, 848 F.2d 93, 94 (7th Cir.1988) (any confusion in appellees' minds concerning whether they really are in fact appellees can be relieved by a letter from appellants to them).
 
 
 39
 United Screw & Bolt indicated in its Notice of Appeal that it intended to appeal the "Order of the U.S. District Court (Judge White) entered October 2, 1990 granting summary judgment for Plaintiff UAW in the above-captioned matter." Although this language is imprecise, we do not feel that this language precludes jurisdiction over both the International union and the Local 217 under Rule 3(c).
 
 
 40
 We must next address UAW's argument that United Screw & Bolt lacks a final order appealable under 28 U.S.C. § 1291 and thus this court lacks appellate jurisdiction. Their reliance upon Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988), is in error. The Supreme Court has explicitly ruled that a decree under § 301(a) of the Labor Management Relations Act of 1947, codified at 29 U.S.C. § 185(a), ordering enforcement of an arbitration provision in a collective bargaining agreement is a final decision. Goodall-Sanford v. United Textile Workers of America, 353 U.S. 550, 551, 77 S.Ct. 920, 921, 1 L.Ed.2d 1031 (1957). The Court stated:
 
 
 41
 There remains the question whether an order directing arbitration is appealable. This case is not comparable to Baltimore Contractors, Inc. v. Bodinger, 348 U.S. 176, 99 L.Ed. 233, 75 S.Ct. 249, which held that a stay pending arbitration was not a 'final decision' within the meaning of 28 U.S.C. § 1291. Nor need we consider cases like In re Pahlberg (CA2d NY) 131 F.2d 968, and Schoenamsgruber v. Hamburg American Line, 294 U.S. 454, 79 L.Ed. 989, 55 S.Ct. 475, holding that an order directing arbitration under the United States Arbitration Act is not appealable. The right enforced here is one arising under § 301(a) of the Labor Management Relations Act of 1947. Arbitration is not merely a step in judicial enforcement of a claim nor auxiliary to a main proceeding, but the full relief sought. A decree under § 301(a) ordering enforcement of an arbitration provision in a collective bargaining agreement is, therefore, a 'final decision' within the meaning of 28 U.S.C. § 1291.
 
 
 42
 Id. See University Life Ins. Co. of America v. Unimarc Ltd., 699 F.2d 846, 848 (7th Cir.1983) (court order directing parties to arbitrate labor dispute is final and appealable). Because the district court has ordered enforcement of the arbitration provision in United Screw & Bolt--UAW contract, a final decision has been made and it is appealable under 28 U.S.C. § 1291. This takes us to the substantive question presented by this appeal.
 
 
 43
 In interpreting an arbitration clause in a collective bargaining agreement, there is a strong presumption of arbitrability, any doubts should be resolved in favor of coverage. United Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 585, 80 S.Ct. 1347, 1354, 4 L.Ed.2d 1409 (1960) ("An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.")
 
 
 44
 In deciding whether to submit a particular grievance to arbitration, a court is not to rule on the potential merits of the underlying claims.... [W]here the contract contains an arbitration clause ... 'we think only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail.'
 
 
 45
 AT & T Technologies v. Communications Workers, 475 U.S. 643, 649-650, 106 S.Ct. 1415, 1418-1419, 89 L.Ed.2d 648 (1986) (quoting Warrior & Gulf, 363 U.S. 574, 584-585, 80 S.Ct. 1347, 1353-1354, 4 L.Ed.2d 1409 (1960)).
 
 
 46
 Our role is not to review the merits of the underlying claims but only to determine whether the arbitration clause applies. We believe United Screw & Bolt has not satisfied the requirement for forceful evidence to overcome the presumption that the grievances should be arbitrated. Both disputes arise out of the 1989 negotiations and concern compliance with the terms of the resulting agreement. As the district court stated, "[t]he arbitration clause is susceptible to an interpretation that covers these disputes because they concern matters involving the interpretation or compliance with terms of the agreement."
 
 
 47
 The judgment of the district court is affirmed.