**Nolan LONGMIRE, Plaintiff–Appellant,**

v.

**William GUSTE, Jr., et al.,
Defendants–Appellees.**

**No. 89–3595
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Jan. 24, 1991.

Before KING, GARWOOD and DUHÉ, Circuit Judges.

PER CURIAM:

Nolan Longmire appeals the dismissal of his 42 U.S.C. § 1983 claim against several Louisiana state officials. The district court granted the state officials' motion for summary judgment for the reasons set forth in a magistrate's report dated July 12, 1989. Appellant claims that the district court erred, *inter alia*, by 1) failing to make a de novo review of the magistrate's report; 2) granting defendant's motion for summary judgment when there are material factual issues in dispute; 3) finding that La.Rev. Stat.Ann. § 15:875 (West Supp.1990) is constitutional on its face and as applied to appellant; 4) failing to appoint counsel; and 5) declining to rule on appellant's state claims. Finding that the district court erred in granting summary judgment, we reverse and remand for proceedings consistent with this opinion.

## I.

Appellant Nolan Longmire (Longmire), a prisoner at the Louisiana State Penitentiary, filed this suit pursuant to 42 U.S.C. § 1983, alleging that his rights to due process and equal protection were violated by requiring him to pay, in part, restitution for the value of state property damaged and for the cost of medical attention required following Longmire's act of self-mutilation. Longmire contended that the statute authorizing the restitution, La.Rev. Stat.Ann. § 15:875 (West Supp.1990), is unconstitutional on its face and as applied to him.

Longmire names as defendants (1) William J. Guste, Jr., the Attorney General for the State of Louisiana; (2) Bruce N. Lynn, the Secretary of the Louisiana Department of Public Safety and Corrections (LDPSC); (3) John P. Whitley, the Warden of the Louisiana State Penitentiary (LSP); and (4) Annette Viator, the Chief Legal Counsel.[1]

Nolan Longmire, pro se.

Joseph E. Kopsa, Asst. Atty. Gen., William Guste, Jr., Atty. Gen., Baton Rouge, for defendants-appellees.

---

1. Longmire's complaint originally named C. Paul Phelps, the former Secretary of the LDPSC, Milton Butler, the former Warden of the LSP and Joseph Erwin Kopsa, the former Chief Legal Counsel as defendants. The officeholders' names were updated pursuant to Fed.R.App.P.

The district court stayed the proceedings pending exhaustion of administrative remedies. Following purported exhaustion, the district court reinstated the suit and assigned it to a U.S. Magistrate.

Longmire filed a motion for summary judgment, as did the defendants. Oral argument was held to consider these requests. The U.S. Magistrate recommended that the defendants' motion for summary judgment be granted and Longmire's motion be denied. The magistrate concluded that the statute did not deprive Longmire of due process and refused to entertain the pendent claim that the statute violated the Louisiana Constitution. Longmire then filed objections to the report. The district court, for the reasons set forth in the magistrate's report, ordered that the action be dismissed with prejudice as to the federal claims and dismissed without prejudice as to the state law claims. The district court failed to make separate findings on any part of the challenged report. Longmire filed a timely notice of appeal. He also requested that counsel be appointed for the appeal.

The district court found that the action was frivolous and denied leave to appeal as a pauper. This court granted Longmire's motion to proceed *in forma pauperis*, but denied Longmire's motion for appointment of counsel.

## II.

■ As a threshold matter, we address the appellees' jurisdictional challenge. Appellees, the Louisiana state officials, allege that Longmire failed to perfect an appeal as to three of the officials because Longmire's notice of appeal specifically named only Attorney General William Guste, Jr. The notice of appeal used the words "et al." to include the other three officials. It is the appellees' view that this court lacks jurisdiction over the appeal as to these three appellees. In support of this conten-

tion, appellees cite Fed.R.App.Proc. 3(c), *Torres v. Oakland Scavenger Company*, 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988), and *Pope v. Mississippi Real Estate Commission*, 872 F.2d 127 (5th Cir. 1989). This contention has no merit because appellees misinterpret each of these cited materials.

Fed.R.App.Proc. 3(c) states:

The notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken.... An appeal shall not be dismissed for informality of form or title of the notice of appeal.

The Supreme Court in *Torres* held that this was a jurisdictional rule, deviation from which would deny a court of appeals jurisdiction over that part of petitioner's appeal not covered by the notice of appeal. In *Torres*, the Court specifically found that the use of "et al." to describe the appellants taking appeal was insufficient to indicate an unnamed appellant's intention to appeal. 108 S.Ct. at 2409. In doing so, the court noted that "construing Rule 3(c) as a jurisdictional prerequisite leads to a harsh result in this case, but we are convinced that the harshness of our construction is 'imposed by the legislature and not by the judicial process.'" *Id.* (citation omitted). No such harshness is required in the case at bar.

The Court in *Torres* construed the phrase "[t]he notice of appeal shall specify the party or parties taking the appeal ..." to be a jurisdictional prerequisite.[2] The jurisdictional prerequisite of Fed.R.App. Proc. 3(c) only requires naming with specificity the appellants taking the appeal and not the appellees against whom the appeal is being taken. *See Streetman v. Jordan,* 918 F.2d 555 (5th Cir.1990); *Chathas v. Smith,* 848 F.2d 93, 94 (7th Cir.1988) (omission of appellee's name harmless error);

43(c) after Longmire filed this appeal to reflect changes in the Louisiana State Administration.

**2.** This court's decision in *Pope* involved a notice of appeal by two plaintiffs that used the term "et al." to include the second appellant. The *Pope*

court carved out an exception to *Torres* when there are only 2 possible appellants and one is named, followed by et al. 872 F.2d at 129. *Pope* did not address *Torres* as applied to the failure to specify appellees.

*Battle v. District of Columbia,* 854 F.2d 1448, 1450 (D.C.Cir.1988) ("While Rule 3(c) requires that appellants be identified it does not require that appellees be identified ... therefore, when an appellee is not identified .... the Court has jurisdiction over the appeal") (dicta)

■ Having determined that the use of "et al." is not a jurisdictional infirmity in a notice of appeal, we turn to the secondary concern in *Torres*—notice to the opposition and to the court of the identity of the parties on appeal. 108 S.Ct. at 2409. This concern is satisfied by Fed.R.App.Proc. 3(d) which states: "The clerk of the district court shall serve notice of the filing of a notice of appeal by mailing a copy thereof to counsel of record of each party other than the appellant...." By sending notice to each of the parties in a suit other than the party taking the appeal, each of these parties becomes aware of the appellant's intent to appeal. If the rules anticipated that only those appellees named would be included in the appeal, only those appellees would require notice. In this case, all four of the defendants were represented by staff attorneys in the Louisiana Department of Justice. The notice of appeal was sent to these attorneys. There can be no contention that any of the appellees was not on notice as to Longmire's appeal.

Based upon the foregoing analysis, we hold that the jurisdictional requirement of *Torres* does not require that appellees' names be specified in a notice of appeal. Rather, this requirement only applies to the names of appellants.

## III.

We now turn to Longmire's challenges to the district court's order granting the appellees' motion for summary judgment.

### A.

Longmire contends that the district court erred by not making a *de novo* review of the magistrate's report and a determination of the merit of Longmire's specific objections to the report.

■ A party is entitled to a de novo review of a magistrate's finding and recommendations only if objections are made to the findings. *Nettles v. Wainwright,* 677 F.2d 404, 409–10 (5th Cir.1982) (en banc) (citing 28 U.S.C. § 636(b)(1)(B)). Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection was made." Longmire filed written objections to the magistrate's report and was entitled to a *de novo* review by an Article III judge as to those issues to which an objection is made. *See U.S. v. Wilson,* 864 F.2d 1219, 1221–22 (5th Cir.), *cert. denied,* — U.S. —, 109 S.Ct. 3243, 106 L.Ed.2d 590 (1989). Longmire alleges that the district court erred in the present action by failing to conduct a *de novo* review of the magistrate's findings to which objections were timely made.

■ The district court's order stated that "[f]or the reasons set forth in the Magistrate's Report to which an objection was filed; IT IS ORDERED that ... the defendant's motion for summary judgment be granted." We cannot say that this language indicates a failure to make a de novo review of the magistrate's report, the record, and plaintiff's objections. In granting a motion for summary judgment, the district court would be required to engage in exactly the same method of analysis as employed by the magistrate. We assume that the district court did its statutorily commanded duty in the absence of evidence to the contrary. Therefore, we decline to reverse the district court on these grounds.

### B.

■ Longmire next challenges the holding that La.Rev.Stat.Ann. § 15:875 is facially constitutional.

The 14th Amendment to the United States Constitution protects against deprivations of life, liberty and property without due process of law. There is no doubt that Longmire was deprived of property—funds

in his prison account.[3] The statutory scheme of § 15:875 provides that "[t]he [deprivation] determination by the department shall be by disciplinary proceedings in accordance with the rules and regulations of the department." La.Rev.Stat.Ann. § 15:875.C. (West Supp.1990). These procedures are outlined in the Disciplinary Rules and Procedures for Adult Prisoners which provides the prisoner with a hearing and certain enumerated rights. Disciplinary Rules and Procedures for Adult Prisoners, LDPSC, Corrections Services, Dep't Reg. No. 30–41 ("Prisoner Rule Book"). This procedure has been determined to satisfy the procedural due process requirements of the 14th Amendment for property deprivation that results from established state procedure. *McCrae v. Hankins,* 720 F.2d 863, 867–68 (5th Cir.1983). In light of this decision, we affirm the district court's implicit determination that § 15:825 is facially constitutional.

## C.

■ Longmire asserts that the district court, by reference to the magistrate's report, erred in granting appellees' motion for summary judgment regarding the constitutionality of § 15:875 as applied to him.[4] Affirmance of a summary judgment ruling requires that the appellate court be "convinced, after an independent review of the record, that 'there is no genuine issue as to any material fact' and the movant is 'entitled to a judgment as a matter of law.'" *Brooks, Tarlton, Gilbert, Douglas & Kressler v. United States Fire Ins. Co.,* 832 F.2d 1358, 1364 (5th Cir.1987) (quoting Fed. R.Civ.P. 56(c)). All reasonable inferences must be drawn in favor of the party opposing the motion. *Reid v. State Farm Mutual Automobile Ins. Co.,* 784 F.2d 577, 578 (5th Cir.1986). "Although inferences fa-

vorable to the non-movant must be accepted in a motion for summary judgment, summary judgment is nonetheless appropriate against a party who fails to make a showing sufficient to establish an element essential to the party's case." *Moore v. Mississippi Valley State Univ.,* 871 F.2d 545, 549 (5th Cir.1989).

On four occasions, three of which are documented in the record, Longmire received the sanction of restitution under the prison disciplinary process. Longmire was charged with: 1) attempting to cause injury to himself on March 31, 1987, for which, based on a guilty plea, he was assessed restitution costs in the amount of $25 for emergency room treatment; 2) tearing the light cover and bulb out of his cell and throwing them on the tier on April 29, 1987, for which, after a disciplinary hearing, he was assessed restitution costs in the amount of $60.06; and 3) throwing his glass and tray of food on to the tier on May 13, 1987, for which, after a disciplinary hearing, he was assessed restitution costs in the amount of $1. A fourth incident is alluded to; however, there is no documentation in the record as to the amount and purpose of restitution.

The magistrate held oral argument on the opposing motions for summary judgment. However, no affidavits were attached to the motions. There is an inadequate record for this court to determine whether Longmire received a meaningful hearing during the prison disciplinary process. The appellees state that Longmire received an adequate hearing. Longmire, on the other hand, seems to indicate that the procedure was a sham and that it did not comply with the rules and regulations which allow for such rights as the right to cross-examine his accuser and the right to

---

3. Appellees' reliance on *Rochon v. La. State Penitentiary Inmate Account,* 880 F.2d 845 (5th Cir. 1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 742, 107 L.Ed.2d 759 (1990), is misplaced. That case determined the narrow proposition that a prisoner does not have a constitutional right to be paid for work performed in prison and therefore, if paid, the state could determine the uses for which the prisoner could withdraw the funds. The present case involves the reasons

for which the state can deprive the prisoner of monetary property by withdrawing funds which have already been set aside as payment for his services. Thus a property right is implicated in the present action.

4. We read Longmire's prisoner pro se § 1983 claim liberally, as "we are required to do." *McCrae v. Hankins,* 720 F.2d 863 (1983).

present evidence and witnesses. No evidentiary hearing was held on this issue.

Appellees, citing *Armistead v. Phelps*, 365 So.2d 468 (La.1978) and *Collins v. King*, 743 F.2d 248, 253–54 (5th Cir.1984), would have us dismiss Longmire's § 1983 action because Louisiana will provide Longmire adequate pre- and post-deprivation review to satisfy the due process clause. We decline to do so because the record is unclear as to the posture of this case within the state review process and as to the proper procedure for a prisoner to pursue. We note that the Prisoner Rule Book, included in the record, allows appeal to the Secretary of the LDPSC in only certain enumerated cases. Sentences that include restitution do not appear to be included in this group of cases. The Rules seem to require appeal to the warden, which Longmire contends he has done. Thus, there seems to be a dispute as to precisely what process is available to the prisoner in the Louisiana prison's pre-deprivation review. In addition, the Prisoner Rule Book, cited by appellees as part of their "procedural safeguards," only discusses appeals to the Secretary of LDPSC and does not include any mention of judicial review in the Louisiana courts as addressed in *Armistead v. Phelps*, 365 So.2d 468 (La.1978) (referring to La.Rev.Stat.Ann. § 49:951 et seq., the Louisiana Administrative Procedures Act). The district court, on remand, should review and clarify these procedures, clarify Longmire's present legal standing, the notice that prisoners have of these procedures, and address any other material facts in dispute.

Because there is insufficient evidence in the record for this court to review as to what type of hearing Longmire received or what type of hearing he is entitled to under Louisiana statutes and regulations, we reverse the granting of summary judgment. See *Murrell v. Bennett*, 615 F.2d 306, 309–11 (5th Cir.1980) ("Because [summary judgment's] consequences are so severe ... we must always guard against premature truncation of [potentially] legitimate lawsuits merely because of unskilled presentations.").

## D.

Lastly, appellees contend that Longmire has failed to state a claim against Attorney General Guste. Longmire is suing Guste "in his official and individual capacity pursuant to Art. 4, Section 8, of the [Louisiana Constitution] in which he is legal [sic] responsible to defend actions against state officers." The magistrate's report did not address this issue and the record is incomplete as to whether Longmire alleged that the attorney general had any further role in Longmire's deprivation. If not, upon remand the action as to Attorney General Guste should be dismissed. *Thompkins v. Belt*, 828 F.2d 298, 303–05 (5th Cir.1987). The court should also decide whether to dismiss from this action any other official against whom Longmire makes insufficient allegations.

## E.

Longmire has made several other challenges to the magistrate's report, including those dealing with the denial of counsel and the failure to address Longmire's state law claims. Finding no merit to these allegations, we affirm the district court's disposition of these matters.

## IV.

Based on the foregoing determination, we AFFIRM IN PART and REVERSE and REMAND the remainder for proceedings consistent with this opinion.