930 F.2d 33
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Ray Dean HAAS, Connie Drywater, an individual, Connie
Drywater, Parent and Next Friend of Tiffany a
minor, Plaintiffs-Appellants,
v.
FARMERS INSURANCE GROUP, a corporation, INS Investigations
Bureau, Inc., Farmers Insurance Group, doing business as
Farmers Insurance Company, Inc., Farmer's Insurance Group,
doing business as Farmers Insurance Exchange, Farmers Group,
Inc., Farmer's Insurance Group, doing business as Fire
Insurance Exchange, Fire Underwriters Association, Farmers
Insurance Group, doing business as Mid-Century Insurance
Company, Farmers Insurance Group, doing business as Truck
Insurance Exchange Truck Underwriters Association,
Defendants-Appellees.
 No. 90-7084.
 United States Court of Appeals, Tenth Circuit.
 March 29, 1991.
 
 Before ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 The plaintiffs in this diversity case sued a number of companies in the Farmers Insurance Group and INS Investigations Bureau, Inc., alleging tortious spoilation of evidence. The defendants moved to dismiss for failure to state a claim, contending that no such cause of action is recognized under Oklahoma law. On September 27, 1990 the district court granted the motion and dismissed the action. Thereafter, the plaintiffs filed a motion to reconsider and/or to certify the question to the Oklahoma Supreme Court. That motion was denied, and this appeal was filed explicitly limiting the issue to whether the district court erred in failing either to rule definitively that the Oklahoma Supreme Court would or would not recognize the tort of spoilation of evidence, or to certify the question, and requesting a remand to the district court with instructions to do one or the other. Brief of Appellants at 3, 15.
 
 
 3
 We must first address the defendants' jurisdictional challenge. The notice of appeal listed "Ray Dean Haas, et. al." as appellant, and "Farmers Insurance Group, et. al.", as appellee. Citing Torres v. Oakland Scavenger Co., 487 U.S. 312 (1988), and Laidley v. McClain, 914 F.2d 1386 (10th Cir.1990), defendants contend that we have jurisdiction only as to Ray Dean Haas and, by logical extension, as to only the one named appellee, Farmers Insurance Group. We disagree. We have jurisdiction "if the appellant files additional documents resolving any defects in the notice within the time limit for filing a notice of appeal." Hubbert v. City of Moore, 923 F.2d 769, 772 (10th Cir.1991). The timely filed docketing statement and other papers filed by the appellant have cured the defect in the notice of appeal by specifically designating each plaintiff as an appellant. And, it is not necessary to name each appellee in the notice of appeal. See Longmire v. Guste, 921 F.2d 620, 622-23 (5th Cir.1991). Accordingly, we have jurisdiction over all parties named in the action below.
 
 
 4
 The sole issue which the appellants raise on this appeal arises from the language used by the district court in its order granting the defendant's motion to dismiss. The district court's order in its entirety is as follows:
 
 ORDER
 
 5
 The defendants INS Investigations Bureau and Farmers Insurance Group have moved to dismiss plaintiffs' cause of action for failure to state a cause of action in that plaintiffs' alleged cause of action is not recognized by Oklahoma law.
 
 
 6
 Plaintiffs' alleged cause of action is "interference with a prospective civil action by elimination of evidence", otherwise commonly referred to as a "spoilation of evidence" cause of action. The plaintiffs [sic] jurisdictional basis is diversity, such that this court must apply the law of the forum state, or Oklahoma law.
 
 
 7
 The parties [sic] briefs and this court's research confirm that Oklahoma has not recognized, by statute or common law, a cause of action for spoilation of evidence. Certainly, this court does not have the authority to confer or create a cause of action under state law where none exists. Likewise, this court cannot, and will not, guess or speculate on whether the Oklahoma Supreme Court will subsequently adopt or create such a cause of action when it is properly submitted to that Court.
 
 
 8
 Accordingly, the court finds that Oklahoma does not recognize the cause of action pleaded by plaintiffs, and plaintiffs' complaint fails to state a cause of action against these defendants. Defendants' Motion to Dismiss is granted as to all defendants, and this case is dismissed.
 
 
 9
 Brief of Appellant, Exh. A.
 
 
 10
 The appellants argue with some persuasiveness that the court simply refused to decide whether or not Oklahoma would recognize the tort in question by virtue of the statement in the order that "this court does not have the authority to confer or create a cause of action under state law where none exists. Likewise, this court cannot, and will not, guess or speculate on whether the Oklahoma Supreme Court will subsequently adopt or create such a cause of action...." However, in the final and dispositive paragraph of the order, the court clears up any confusion that the language just quoted may have caused. The order states: "[T]he court finds that Oklahoma does not recognize the cause of action pleaded by the plaintiffs, and plaintiffs' complaint fails to state a cause of action against these defendants." As we read it, that language constitutes a decision on the merits; and it is no less conclusive because the reasoning behind it may be subject to challenge. Since the appellants have elected not to appeal the merits, even as an alternative ground to the issue stated in their brief, the district court's judgment of dismissal on the merits is final. As the appellants recognize, Brief of Appellants at 13, certification is entirely within the discretion of the district court; therefore, that portion of the issue raised on appeal fails as well.
 
 
 11
 For the reasons stated above, we hold that the district court did not err by refusing to rule on the merits or to certify the question of state law. The decision of the district court is, therefore, AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3