IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60355
Summary Calendar
_____


BILLY KEYES, All Others Similarly Situated,

Plaintiff-Appellant,

versus

JAMES V. ANDERSON, COMMISSIONER,
MISSISSIPPI STATE PENITENTIARY; WALTER BOOKER;
ROBERT ARMSTRONG; CAPTAIN THOMAS; LARRY KEYS;
MARGARET LITTLE; CORINNE WALKER; GWENDOLYN HUNTER;
OFFENDER SERVICES,

Defendants-Appellees.


--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:98-CV-190-B-D
--------------------
April 26, 2002

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Billy Keyes, Mississippi prisoner # 94580, appeals the district court's dismissal of his 42 U.S.C. § 1983 and state-law claims. For the following reasons, we affirm.

Keyes erroneously complains that he was subjected to trial by magistrate judge without effectuating the necessary consent. This

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argument is meritless because the magistrate judge conducted an evidentiary hearing, not a trial, and had the authority to do so pursuant to 28 U.S.C. § 636(b)(1)(B). He also erroneously complains that the district court did not conduct de novo review of the magistrate judge's recommendations; however, absent an indication to the contrary, it is assumed de novo review was conducted. See Longmire v. Guste, 921 F.2d 620, 623 (5th Cir. 1991).

We hold that the magistrate judge did not abuse his discretion in not calling defendant Little as a witness at the evidentiary hearing in light of his finding that the facts surrounding the event which gave rise to this litigation were not in dispute. See Cozzo v. Tangipahoa Parish Council--President Gov't, 279 F.3d 273, 291 (5th Cir. 2002) (evidentiary rulings are reviewed for an abuse of discretion). We further hold that the district court did not err in its determination that Keyes failed to establish that the defendants acted with "deliberate indifference." See Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995) (to establish a failure-to-protect claim, the inmate must establish that the defendants acted with deliberate indifference to his need for protection). At best, Keyes has established negligence, which cannot form the basis of a 42 U.S.C. § 1983 claim. See Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1990). We therefore affirm the dismissal of Keyes's federal claim.

The district court furthermore did not plainly err in dismissing Keyes's negligence-based state-law claims. See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc) (applying plain-error review where no objection is raised to the magistrate judge's report). Keyes cannot establish that his substantial rights were affected because MISS. CODE ANN. § 11-46-9(1)(m) (Supp. 2001) exempts governmental employees acting within the course and scope of their employment from liability where the claimant was an inmate at the time the claim arose. The dismissal was therefore not plainly erroneous.

AFFIRMED; motion to appoint counsel is DENIED.