## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

### No. 02-30993
### Summary Calendar

_____

**HUMBERTO HINOJOSA,**

**Plaintiff-Appellant,**

**versus**

**RICHARD P. IEYOUB, in his individual capacity,**

**Defendant-Appellee.**

_____

### Appeal from the United States District Court
### for the Western District of Louisiana
### (02-CV-1321)

_____

March 3, 2003

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Humberto Hinojosa appeals, *pro se*, the dismissal of his 28 U.S.C. § 1332 action as time-barred, contending: the magistrate judge exceeded his authority when, without Hinojosa's consent, he reviewed Hinojosa's complaint and issued a report recommending that the complaint be dismissed as time-barred; and the district court erred in adopting that report and dismissing the action as time-barred.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The parties' consent is not required for a district judge to refer a case to a magistrate judge where, as here, "the ultimate decision-making authority [is] retained by the district court". *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989). Moreover the magistrate judge did not exceed his statutory authority. *See* 28 U.S.C. § 636(b)(1)(B).

Hinojosa's contention that the district court erred in adopting the magistrate judge's report is without merit. *See Longmire v. Guste*, 921 F.2d 620, 623 (5th Cir. 1991). The magistrate judge correctly concluded that Hinojosa's complaint, based on events that occurred in 1989, was barred by the five-year prescriptive period for contractual fraud claims, as set forth in LA. CIV. CODE art. 2032.

*AFFIRMED*