IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10113
Summary Calendar

_____

MARY M. DIAZ,

Plaintiff-Appellant,

versus

KENNETH S. APFEL, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:99-CV-80
_____

August 4, 2000

Before POLITZ, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Mary M. Diaz appeals the affirmance of the Social Security Commissioner's decision denying her disability insurance benefits and supplemental security income. Diaz contends that: (1) the disability determination was not supported by substantial evidence; (2) the ALJ improperly assessed her subjective complaints of pain and her daily activities in the disability determination, and also erred in finding that she had the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

residual functional capacity for light work; (3) cited alternative jobs were not within her capacity for light work; and (4) the ALJ failed to consider the combined effect of her several impairments.

Our review of the record persuades that the ALJ appropriately considered the evidence and applied correct legal standards. The decision that Diaz was not disabled is supported by substantial evidence on the record as a whole.[1]

Diaz further contends that the (1) magistrate judge's briefing order occasioned a fundamental error as to the type and nature of appellate review and failed to consider all of the evidence of her alleged disability; and (2) the district court failed to conduct a *de novo* review of the magistrate judge's report.

We find no reversible error respecting the briefing order. Further, the report of the magistrate judge reflects that he properly considered the entirety of the evidence in his review of the Commissioner's decision, evidence which we find substantially supports the challenged disability conclusion.

Finally, we find no support for the contention that the district court failed to conduct a *de novo* review.[2]

Accordingly, the district court's affirmance of the Commissioner's decision to deny Diaz disability benefits is AFFIRMED.

---

[1]**Bowling v. Shalala,** 36 F.3d 431 (5th Cir. 1994).

[2]**Longmire v. Guste,** 921 F.2d 620 (5th Cir. 1991).