[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 19, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14617
Non-Argument Calendar
_____

D. C. Docket No. 05-80814-CV-KLR

ROBERT HOLT JR.,

Plaintiff-Appellant,

versus

CHARLIE CRIST,
Governor, State of Florida,
ATTORNEY GENERAL OF FLORIDA,
Bill McCollum,
BARRY E. KRISCHER,
State or County Attorney, Fifteenth Judicial
Circuit, Palm Beach County,
LUCY BROWN, Judge,
SCOTT I. SUSKAUER, et. al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 19, 2007)**

Before WILSON, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Robert Holt, Jr., proceeding pro se, appeals the dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim under Rule12(b)(6) of the Federal Rules of Civil Procedure and the dismissal of his pendent claims for writ of mandamus, writ of prohibition, and writ of quo warranto. Liberally construing Holt's appellate brief, see Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), Holt argues that the district court erred in dismissing his complaint and that the district court failed to comply with its obligations under 28 U.S.C. § 636(b)(1), which required the district court to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1) (emphasis added). For the reasons set forth more fully below, we affirm.

As an initial matter, the district court's statement that it had reviewed the magistrate judge's report and recommendation and Holt's objections is sufficient to satisfy us that it engaged in the requisite de novo review. "The de novo review requirement is essential to the constitutionality of section 636." Jeffrey S. v. State Bd. of Educ. of State of Ga., 896 F.2d 507, 512 (11th Cir. 1990). "[A]n appellate court must be satisfied that a district judge has exercised his non-delegable

authority by considering the actual testimony, and not merely by reviewing the magistrate's report and recommendations." Stokes v. Singletary, 952 F.2d 1567, 1576 (11th Cir. 1992) (citation and quotation marks omitted) (alteration in original).[1]

In this case, this very experienced district judge stated that he had reviewed the report and recommendation and Holt's objections. "We assume that the district court performed its review function properly in the absence of evidence to the contrary." Green v. Branson, 108 F.3d 1296, 1305 (10th Cir. 1997); see also Burrell v. Bd. of Trs. of Ga. Military Coll., 125 F.3d 1390, 1395 (11th Cir. 1997) ("'Trial judges are presumed to know the law and to apply it in making their decisions.'") (citation omitted). Applying such an assumption, the Fifth Circuit rejected the contention that review was not de novo when the district court's order stated that "'[f]or the reasons set forth in the Magistrate's Report to which an objection was filed; IT IS ORDERED that . . . the defendant's motion for summary judgment be granted.'" Longmire v. Guste, 921 F.2d 620, 623 (5th Cir. 1991) (alteration and omission in original). We likewise cannot conclude that the district

---

[1] Although there was no testimony presented in this case, de novo review of a recommendation to dismiss for failure to state a claim must still encompass an independent review of the record. See LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988) (holding that consideration of a challenged factual issue must be independent and based upon the record before the court).

3

court's statement indicates a failure to engage in the requisite <u>de novo</u> review.[2]

Turning to the merits of the dismissal of Holt's complaint, we discern no error. "We review de novo a district court's dismissal under Rule 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." <u>Behrens v. Regier</u>, 422 F.3d 1255, 1259 (11th Cir. 2005) (citation and quotation marks omitted).

> The district court may only grant a Rule 12(b)(6) motion to dismiss where it is demonstrated beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Although the threshold is exceedingly low for a complaint to survive a motion to dismiss for failure to state a claim, a court may nonetheless dismiss a complaint on a dispositive issue of law.

<u>Day v. Taylor</u>, 400 F.3d 1272, 1275 (11th Cir. 2005) (citations and quotation marks omitted). However, "[t]o survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims." <u>Jackson v. BellSouth Telecomms.</u>, 372 F.3d 1250, 1263 (11th Cir. 2004). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." <u>Id.</u> at 1262-63 (citation and quotation marks

---

[2]This case involves the granting of a motion to dismiss. Consequently, the district judge was not reviewing testimony nor exhibits but reviewing <u>de novo</u> whether the allegations of the complaint stated a claim for relief under the law. Of course, it would be helpful if orders of this sort stated specifically that "a <u>de novo</u> review" was conducted.

4

omitted) (alteration in original). We review a district court's refusal to exercise supplemental jurisdiction over state law claims for an abuse of discretion. See Raney v. Allstate Ins. Co., 370 F.3d 1086, 1088-89 (11th Cir. 2004).

Holt's complaint alleges violations of his Constitutional rights based on a state criminal prosecution brought against him. He sought monetary damages, injunctive and declaratory relief, and, invoking the pendent jurisdiction of the district court, the issuance of a writ of mandamus, writ of prohibition, and writ of quo warranto "to protect the interests of the people as a whole."

"In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1277 (11th Cir. 2003) (citation and quotation marks omitted). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981). However, "private defendants can be held liable in a § 1983 action if they act in concert with the state officials in

5

depriving a plaintiff of constitutional rights." Bendiburg v. Dempsey, 909 F.2d 463, 468 (11th Cir. 1990).

Holt's malpractice and ineffective assistance of counsel claims against defense attorney Suskauer are based on allegations that Suskauer failed to file various motions as Holt's counsel during the state criminal proceedings. Thus, these claims cannot proceed under § 1983 because Suskauer was not acting under color of state law. Polk County, 454 U.S. at 325, 102 S.Ct. at 453. Holt's complaint only contains a general, conclusory allegation of a conspiracy and, therefore, the conspiracy claim was properly dismissed. See Jackson, 372 F.3d at 1262-63 ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.") (citation and quotation marks omitted) (alteration in original).

Furthermore, the district court did not err in finding that Judge Brown and prosecutors Krischer, Faro, and Viscome were immune from damages.

> Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction. This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction.

Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005) (citations and quotation marks omitted). As all of the allegations Holt made against Judge Brown relate to

6

orders entered and actions taken (or not taken) in a case pending before her, the district court did not err in finding that Judge Brown was entitled to judicial immunity.

Similarly, all of Holt's allegations against prosecutors Krischer, Faro, and Viscome only relate to actions taken in their prosecutorial role. However, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." Imbler v. Pachtman, 424 U.S. 409, 431, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976). Immunity extends to charging a defendant without probable cause and to the knowing proffer of perjured testimony and fabricated exhibits at trial. Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1279-81 (11th Cir. 2002). A prosecutor only can be liable for conspiracy "if his agreement to join the conspiracy or conduct knowingly done in furtherance of it occurred while he was not in his prosecutorial role. [A prosecutor] cannot . . . be held liable for conspiring to violate [a person's] rights by prosecuting him, because he is absolutely immune from liability for" that prosecution. Id. at 1282. Accordingly, the district court did not err in finding that Krischer, Faro, and Viscome were entitled to prosecutorial immunity.

The district court also did not err in dismissing Holt's claims for declaratory and injunctive relief. All of Holt's factual allegations related to past conduct, he

7

made no allegation of a continuing injury, and the possibility that he will be subject to criminal prosecution in the future is insufficient to state a claim for declaratory relief. See Emory v. Peeler, 756 F.2d 1547, 1552 (11th Cir. 1985) ("The remote possibility that a future injury may happen is not sufficient to satisfy the 'actual controversy' requirement for declaratory judgments."); see also Malowney v. Fed. Collection Deposit Group, 193 F.3d 1342, 1348 (11th Cir. 1999) ("Injury in the past, however, does not support a finding of an Article III case or controversy when the only relief sought is a declaratory judgment."). In order to warrant injunctive relief, the party must demonstrate a substantial likelihood of irreparable injury, which is "neither remote nor speculative, but actual and imminent." Siegel v. LePore, 234 F.3d 1163, 1176-77 (11th Cir. 2000) (en banc) (citation and quotation marks omitted). Holt, however, failed to allege an actual and imminent threat of future injury.

"The decision to exercise supplemental jurisdiction over pendant state claims rests within the discretion of the district court." Raney, 370 F.3d at 1088-89. "We have encouraged district courts to dismiss any remaining state claims when . . . the federal claims have been dismissed prior to trial." Id. at 1089. Accordingly, the district court did not abuse its discretion in dismissing Holt's pendant claims for a writ of mandamus, writ of prohibition, and writ of quo

8

warranto.

In light of the foregoing, we hold that the district court fulfilled its obligation to conduct <u>de novo</u> review pursuant to 28 U.S.C. § 636(b)(1) and that its dismissal of Holt's complaint was not erroneous.

**AFFIRMED.**