# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

No. 11-31189
Summary Calendar

January 2, 2013

Lyle W. Cayce
Clerk

LESTER L. WASHINGTON, Bth, MA, M.ED., LCGC, ABD,

Plaintiff-Appellant

v.

EAST BATON ROUGE PARISH SCHOOL SYSTEM; EAST BATON ROUGE
PARISH SCHOOL BOARD OF DIRECTORS; EAST BATON ROUGE PARISH
SCHOOL SYSTEM HUMAN RESOURCES  DEPARTMENT; EAST BATON
ROUGE   PARISH   SCHOOL   SYSTEM   PERSONNEL   OFFICES
BATON  ROUGE; JOHN DILWORTH, Superintendent; EAST BATON ROUGE
PARISH  SCHOOL  SYSTEM  SUPERINTENDENT'S  OFFICE;  MILLIE
WILLIAMS, Human Resource Director; ELIZABETH DURAN-SWINFORD,
Assistant Human Resource Director; DEMOINE RUTLEDGE, General Counsel;
DAPHNE DONALDSON, Assistant to Assistant Human Resource Director,

Defendants-Appellees

Appeals from the United States District Court
for the Middle District of Louisiana
USDC No. 3:10-CV-503

Before JOLLY, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Lester L. Washington filed the instant civil suit against the East Baton Rouge Parish School System (EBRPSS); the EBRPSS Board of Directors; the EBRPSS Human Resources Department and Personnel Offices; and several individuals associated with the EBRPSS.  With the benefit of liberal construction, his complaint alleged primarily that the defendants engaged in employment discrimination on numerous grounds and retaliated against him for his past participation in protected activity.  His complaint listed a wide range of causes of action, including claims of violations of the Civil Rights Act of 1964; violations of the Fifth, Eleventh, and Fourteenth Amendments; slander and defamation; sex and gender discrimination under Title IX of the Education Amendments of 1972; violation of the Age Discrimination in Employment Act of 1967; violation of the Americans with Disabilities Act, Individuals with Disabilities Education Act, and other federal disability laws; violation of the Health Insurance Portability and Accountability Act of 1996; obstruction of justice and sequestering of evidence; violation of the Family Educational Rights and Privacy Act; liability under 42 U.S.C. §§ 1981, 1983, 1985, and 1986; and violations of Louisiana civil and criminal law.

Before the court is Washington's motion for leave to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his suit for failure to state a claim upon which relief may be granted and the district court's imposition of sanctions against him.  He alternatively moves for an extension of time to pay the appellate filing fee.  By moving for leave to proceed IFP, Washington is challenging the district court's certification that this appeal was not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Washington asserts in conclusory fashion that the district court engaged in misconduct and obstruction of justice in dismissing his case and imposing sanctions and that his allegations succeeded in stating claims upon which relief may be granted.  Although pro se filings are liberally construed, pro se litigants still must adequately brief their arguments and are not permitted to make

baseless attacks against the judiciary. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *Theriault v. Silber*, 579 F.2d 302, 303 (5th Cir. 1978).

Washington's conclusory assertions are insufficient to demonstrate that a nonfrivolous issue exists for appeal regarding the dismissal of his complaint under Federal Rule of Civil Procedure 12(b)(6). His pro se complaint was required to "set forth facts giving rise to a claim on which relief may be granted," and he has not shown that it did so. *See Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993). His conclusory assertions also do not show the existence of a nonfrivolous issue regarding the district court's imposition of sanctions. *See In re Sindram*, 498 U.S. 177, 179-80 (1991); *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 360 (5th Cir. 1986). Litigants, including pro se litigants, who make frivolous filings have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson*, 808 F.2d at 359.

Because Washington has not shown that the district court's certification was incorrect, his motion for leave to proceed IFP is denied. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). The instant appeal is without arguable merit and is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; *Howard*, 707 F.2d at 219-20; 5TH CIR. R. 42.2. Washington's alternative motion for an extension of time to pay the appellate filing fee is denied.

Washington is cautioned that frivolous, repetitive, or otherwise abusive filings will invite the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any other court subject to this court's jurisdiction. Washington is further cautioned that, in order to avoid the imposition of sanctions, he should review any pending appeals and actions and move to dismiss any that are frivolous.

MOTIONS DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.