# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

───────────

No. 16-31131
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 27, 2017

Lyle W. Cayce
Clerk

───────────

OKEY GARRY OKPALA,

Petitioner-Appellant

v.

ELLIOT THOMAS, Warden, Pine Prairie Correctional Center; UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; ELAINE C. DUKE, ACTING SECRETARY, DEPARTMENT OF HOMELAND SECURITY; IMMIGRATION JUDGE; BOARD OF IMMIGRATION APPEALS,

Respondents-Appellees

───────────────────

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 6:16-CV-1069

───────────────────

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Okey Garry Okpala, immigration detainee # A026-593-316, is a native and citizen of Nigeria. He filed a 28 U.S.C. § 2241 petition in the district court challenging his continued detention. Okpala now appeals from the district

───────────

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court's denial of his section 2241 petition.  We review issues of law *de novo* and findings of fact for clear error.  *Tran v. Mukasey*, 515 F.3d 478, 481 (5th Cir. 2008).

First, Okpala asserts that the district court improperly adopted the magistrate judge's report and recommendation without conducting a *de novo* review of his objections to the report and recommendation.  The district court stated that it had conducted an independent review of the record.  "We assume that the district court did its statutorily commanded duty in the absence of evidence to the contrary." *Longmire v. Guste*, 921 F.2d 620, 623 (5th Cir. 1991). Okpala has not shown that the district court failed to conduct a *de novo* review of the record.

Next, Okpala challenges the district court's determination that he is subject to mandatory detention and that he was denied the right to a fundamentally fair custody or bond redetermination hearing.  He asserts that the decree that revoked his citizenship is void, that he was a United States citizen and was not subject to removal proceedings, that his conviction was not sufficient to justify removal, and that his conviction was not final.  Okpala does not address the district court's reasons for determining that he is subject to mandatory detention.  He does not explain why the hearing was fundamentally unfair.  He does not contend that he appealed the revocation order, and he does not challenge the district court's reasons for determining that he is not a United States citizen and that his conviction is valid.  Therefore, Okpala has waived consideration of the issues. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Finally, Okpala contends that the district court erroneously construed his motion to reopen under Federal Rule of Civil Procedure 60(b) rather than

No. 16-31131

pursuant to Federal Rules of Civil Procedure 59 or 52.  Okpala however, has failed to identify error in the district court's construction of the motion.  His failure to brief the issue constitutes abandonment.  *See Yohey*, 985 F.2d at 225; *Brinkmann*, 813 F.2d at 748.

Accordingly, the judgment of the district court is AFFIRMED.  Okpala's motion to expedite, motions to supplement, and motion to order appellees not to transfer him to another institution are DENIED.