# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 1, 2022

Lyle W. Cayce
Clerk

No. 22-10008

Willie Ray Love,

*Plaintiff—Appellant*,

*versus*

Kilolo Kijakazi, Acting Commissioner of Social Security,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CV-2259

Before Higginbotham, Higginson, and Duncan, *Circuit Judges*.
Per Curiam:[*]

Willie Ray Love appeals the denials of his Motion for a More Definite Statement and Motion to Set Aside Judgment. The District Court did not err in denying the motions. We AFFIRM.

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-10008

## I.

An Administrative Law Judge ("ALJ") found that Love was at fault for creating an overpayment of benefits. Love had sixty-five days to request review of that decision to the Commissioner's Appeals Council,[1] but his request was five months late. Love asserts he did not receive the ALJ's decision until several months after it was issued, but even if that is so, his request for review was still nine days late.

Because his objections were untimely, this Court is limited to determining whether the district court committed plain error in denying the motions.[2] The district court did not commit plain error because there was not adequate documentation to support excusable neglect for Love's failure to meet the deadline. This Court has already held that court communications sent to a spam folder or not received due to faulty email settings does not constitute excusable neglect.[3] In addition, the decision was mailed to Love's physical address, and there is no evidence of ineffective delivery. The denial is AFFIRMED.

## II.

Love also filed a motion for a more definite statement requesting elaboration on the district court's opinion. A motion for a more definite statement applies to parties' pleadings and not a district court's opinion.[4]

---

[1] *See* 20 C.F.R. §§ 404.901, 404.968(a)(1).

[2] *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1); *see Smith v. Berryhill*, 139 S. Ct. 1765, 1779–80 (2019) (holding that when the Appeals Council dismisses an untimely request for review and the claimant seeks judicial review, courts should review the propriety of the Appeals Council's dismissal, not the merits of the ALJ's decision).

[3] *See Trevino v. City of Fort Worth*, 944 F.3d 567, 572 (5th Cir. 2019) (per curiam).

[4] *See* FED. R. CIV. P. 12(e).

No. 22-10008

Although this Court construes all pro se motions liberally, such motions must demonstrate that a nonfrivolous issue exists for which relief can be granted.[5] The district court need not provide a more definite statement, as it may summarily adopt a magistrate judge's recommendations without needing to recite the analysis employed by the magistrate judge.[6] The denial is AFFIRMED.

---

[5] *Washington v. E. Baton Rouge Par. Sch. Sys.*, 504 F. App'x 350, 351 (5th Cir. 2013).

[6] *See Longmire v. Guste*, 921 F.2d 620, 623 (5th Cir. 1991) (noting that otherwise, a "district court would be required to engage in exactly the same method of analysis as employed by the magistrate").