IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

Nos. 99-50092
& 99-50141
_____


BOBBY JOE JANES, III,

Plaintiff-Appellee,

versus

RICHARD HERNANDEZ, Sheriff of
Bastrop County, Texas; ET AL.,

Defendants,

BASTROP COUNTY,

Defendant-Appellant.

_____

Appeals from the United States District Court for
the Western District of Texas

_____

July 7, 2000

Before REAVLEY, SMITH and EMILIO M. GARZA, Circuit Judges.

REAVLEY, Circuit Judge:

Bobby Joe Janes was injured by another inmate in the Bastrop County jail and has recovered judgment against the County on a jury verdict that found the unsafe condition of the jail to be due to the Sheriff's policy and deliberate indifference. The County complains on appeal of the lack of evidence that the County policymaker, the Sheriff, knew of the unsafe condition and also objects to the amount of the attorney fee award. We affirm.

## COUNTY LIABILITY

Janes was arrested because of traffic offenses and was confined with more than eight other inmates, some of them felons who had histories of violence. Janes was threatened with death, awakened in his bunk as he was being bound, kicked in the head and had his face injured when smashed into the wall. Despite the continuous fighting and abuses within the large cell, and the admitted fact that the jail officers expected the prisoners to fight and abuse one another during the duty shifts, the Sheriff maintained a policy of confining together inmates of no propensity for violence with dangerous people. Whatever their history, no one was denied access to helpless inmates until the former demonstrated violent behavior in the jail. His conduct outside of the jail did not matter. The policy was to leave the inmate to self-defense unless an officer on an hourly round learned of abuse and obtained a superior's consent to do more to protect the inmate.

2

Bastrop County argues that it was not proved that the policymaker knew the prisoners who injured Janes were a risk of harm to him. That is not necessary. Janes only needed to prove that the policymaker knew there was a substantial risk of serious harm to the inmates under his policy or custom of housing all manner of inmates together. That policy created an unsafe jail and the substantial risk that inmates would be injured. Fights were the order of the jail, to which the Sheriff was necessarily deliberately indifferent. That proof satisfies the legal requirement for county liability. Hare v. City of Corinth, Ms.[1]

## ATTORNEY FEE

The County argues that the Prison Litigation Reform Act, 42 U.S.C. § 1997e limited the attorney fee to less than the district court awarded. We agree with the Eighth and Seventh Circuits which have held that this Act applies to only those suits filed by prisoners. Doe v. Washington County;[2] Kerr v. Puckett.[3] Because Janes was not a prisoner when this complaint was filed, the fee limits of the Act did not apply.

AFFIRMED.

---

[1] 74 F.3d 633, 650 (5th Cir. 1996).

[2] 150 F.3d 920, 924 (8th Cir. 1998).

[3] 138 F.3d 321, 322-23 (7th Cir. 1998).