United States Court of Appeals

For the First Circuit

Nos. 01-2153

01-2278

Plaintiff, Appellant,

v.

Defendants, Appellees,

Defendants.

APPEALS FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, 
U.S. District Judge
]

Before

Torruella, 
Circuit Judge
,

Coffin, 
Senior Circuit Judge
,

and Selya, 
Circuit Judge
.

, for appellant.

Irene S. Soroeta-Kodesh
Oreste R. Ramos
, with whom 
, was on brief for co-appellees Wackenhut Corrections Corporation and Gerardo Acevedo.

June 4, 2002

TORRUELLA, 
Circuit Judge
.

Because we conclude that the appellant was required to first submit his claim to the prison's internal grievance process, we affirm the order of the district court dismissing the complaint.

I.

A.

B.

On May 26, 1999, while still a prisoner at MDC, Medina-Claudio filed a pro se complaint against the Commonwealth of Puerto Rico and the Secretary of the AOC, named in both her official and personal capacity. The complaint was later amended on April 10, 2000, to name numerous additional defendants, including WCC and a slew of prison officials.

The gravamen of the complaint is that the defendants, in violation of Medina-Claudio's constitutional rights, caused him to develop PTSD while incarcerated in facilities administered by the AOC.

II.

Because he believes the administrative grievance procedure was not available to him at the time he filed his complaint in federal court, Medina-Claudio seeks reversal of the district court's dismissal of his case. The defendants-appellees seek affirmance of the district court's order on the basis of Claudio-Medina's failure to exhaust. In the alternative, the defendants-appellees seek affirmance on the ground that the complaint was time-barred.

A.

When presented with a motion to dismiss, the district court must take as true "the well-pleaded facts as they appear in the complaint, extending [the] plaintiff every reasonable inference in his favor." 
Coyne
 v. 
City of Somerville
, 972 F.2d 440, 442-43 (1st Cir. 1992) (citing 
 v. 
, 903 F.2d 49, 51 (1st Cir. 1990)). A complaint should not be dismissed under Federal Rule of Civil Procedure 12(b)(6) unless "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" 
Roeder
 v. 
Alpha Indus., Inc.
, 814 F.2d 22, 25 (1st Cir. 1987) (quoting 
Conley
 v. 
Gibson
, 355 U.S. 41, 45-46 (1957)). We review the district court's resolution of a motion to dismiss de novo. 
See
 
Aldridge
 v. 
A.T. Cross Corp.
, 284 F.3d 72, 78 (1st Cir. 2002).

B.

Porter
 v. 
Nussle
, 534 U.S. 516, --, 122 S. Ct. 983, 988 (2002) (citations and quotations omitted).

See
 
id.

See
, 
e.g.
, 
Janes
 v. 
, 215 F.3d 541, 543 (5th Cir. 2000), 
cert. denied
Greig
 v. 
Goord
Kerr
 v. 
Pucket
, 138 F.3d 321, 323 (7th Cir. 1998).

Medina-Claudio also points to Article III of the of AOC's Regulations for the Handling of Grievances and Complaints Filed by Inmates, which provides, in part, that "[t]his regulation shall apply to the employees of the Correction Administration of the Commonwealth of Puerto Rico, and, to all the inmates in penal institutions administered by said Agency." According to Medina-Claudio, this language precluded him from submitting an administrative complaint when he filed his lawsuit because, at the time, he was not an inmate in an AOC institution.

Neither the cases nor the regulation on which appellant relies are availing. First, the cases cited by Medina-Claudio do not stand for the proposition that an inmate who is transferred to a new facility need not exhaust the administrative remedies of the first facility before filing suit against it or against any of its employees. Indeed, the extant case law supports the opposite conclusion. 
See
 
 v. 
Senkowski
see also
 
Santiago
 v. 
Meinsen
, 89 F. Supp. 2d 435, 441 (S.D.N.Y. 2000) (requiring exhaustion despite plaintiff's transfer to another facility). The cases cited by appellant hold only that certain provisions of the PLRA will not apply when the plaintiff is no longer a "prisoner" by virtue of his release. 
See
, 
e.g.
, 
Greig
As for the AOC's regulations, they give no indication that the grievance procedures are not "available" for purposes of the PLRA. Nothing in the regulations explicitly prevents Medina-Claudio from filing an administrative complaint while temporarily housed at another facility. At best, Medina-Claudio's argument amounts to a claim that it would be futile for him to resort to the AOC's administrative remedies because they could not afford him the relief he seeks in federal court. However, "there is no 'futility exception' to the PLRA exhaustion requirement." 
Massey
 v. 
Wheeler
, 221 F.3d 1030, 1034 (7th Cir. 2000)
see also
 
Booth
 v. 
Churner
, 532 U.S. 731, 741 (2001) (holding that the PLRA mandates exhaustion regardless of the relief offered through administrative procedures).

C.

At oral argument, appellant suggested that if this court found his case wanting on the administrative exhaustion front, the better course would be to remand the case with orders for a continuance of the proceedings (during which the appellant could pursue his administrative remedies). The appellees, on the other hand, ask us to affirm the outright dismissal of the case. Having reviewed the matter carefully, we feel bound to affirm the district court's order as is.

prior
 to the commencement of the action as an indispensable requirement. 
 Exhaustion subsequent to the filing of suit will not suffice. 
Cf.
 
Booth
, 532 U.S. at 738 ("The 'available' 'remed[y]' must be 'exhausted' 
before

See
 
Neal
 v. 
Goord
Jackson
 v. 
Dist. of Columbia
, 254 F.3d 262, 268-69 (D.C. Cir. 2001)
Freeman
 v. 
Francis
Miller
 v. 
Tanner
Perez
 v. 
Wis. Dep't of Corr.

 
But see
 
Williams
 v. 
Norris
, 176 F.3d 1089, 1090 (8th Cir. 1999) (per curiam) (reversing district court's dismissal for failure to exhaust where "the record demonstrated that [plaintiff's] grievance had been denied . . . at the time the court ruled").

See
Cf.
 
Porter

Since Congress clearly made the exhaustion of administrative remedies a necessary antecedent to filing a claim in federal court, we decline to order the continuance of appellant's case. Dismissal is appropriate.

III.

Because we affirm the dismissal of Medina-Claudio's action on the same grounds articulated by the district court, we have no occasion to reach the alternate grounds for affirmance argued by the appellees.

Affirmed
.