**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-6215

MICHAEL COFIELD,

Plaintiff - Appellant,

versus

ROY BOWSER, Deputy/Support; SERGEANT STOKES,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.  Walter D. Kelley, Jr., District
Judge.  (2:06-cv-00533-WDK)

Submitted:  July 27, 2007          Decided:  September 14, 2007

Before WILKINSON, TRAXLER, and KING, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Michael Cofield, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Cofield appeals from the dismissal without prejudice of his 42 U.S.C. § 1983 (2000) complaint for failure to exhaust all administrative remedies prior to filing suit pursuant to the Prison Litigation Reform Act ("PLRA"). We vacate the district court's dismissal order and remand for further proceedings.*

The PLRA requires that a prisoner exhaust administrative remedies before filing any action under federal law with respect to confinement. 42 U.S.C. § 1997e(a) (2000). The PLRA defines a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h).

The district court concluded that Cofield was incarcerated at the time he submitted his complaint because Cofield signed the complaint on August 10, 2006, but was not released from the Hampton City Jail until September 11, 2006. However, our examination of the record indicates that, although the complaint was signed over a month before Cofield left the Hampton City Jail, the complaint was not submitted and filed until after Cofield was released from incarceration. First, the envelope used to mail the

---

*We express no opinion about the merits of Cofield's claims.

complaint indicates that Cofield's initial filing was processed by the postal service on September 12, 2006, the day after Cofield was released. Additionally, the complaint was received on September 13, 2006, and was filed by the district court on September 21, 2006. Finally, Cofield's mailing address, as listed on the envelope and in his complaint, provided a private street address in Newport News, Virginia, while the subject jail is in Hampton City, Virginia. Therefore, we conclude that Cofield was not an inmate of the Hampton City Jail at the time he filed his complaint.

Because Cofield was not a prisoner when he filed his complaint, the PLRA exhaustion requirement is not applicable to his § 1983 action. A former inmate who has been released is no longer "incarcerated or detained" for the purposes of § 1997e(h) and therefore does not qualify as a "prisoner" subject to the PLRA. Furthermore, it is the plaintiff's status at the time he filed the lawsuit that is determinative as to whether the § 1997e(a) exhaustion requirement applies. See Norton v. City of Marietta, 432 F.3d 1145, 1150 (10th Cir. 2005) (collecting cases concluding that plaintiff who brings action regarding prison conditions after his release does not have to satisfy PLRA's exhaustion requirement). Because Cofield was not incarcerated at the time he filed his § 1983 action, he was not required to exhaust his administrative remedies prior to filing suit.

Accordingly, we grant leave to proceed in forma pauperis, vacate the district court's dismissal of Cofield's § 1983 action, and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>