# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued March 19, 2013          Decided April 9, 2013

No. 11-7120

JOHN B. LESESNE,
APPELLANT

v.

JOHN DOE, OFFICER, ET AL.,
APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:10-cv-00602)

*Emily M. May*, Student Counsel, argued the cause as *amicus curiae* in support of appellant. With her on the briefs were *Sean E. Andrussier*, appointed by the court, and *John A. Cosgriff*, *Jonathan P. Havens*, and *Matthew P. Mooney*, Student Counsel.

*John B. Lesesne*, pro se, was on the brief for appellant.

*Mary L. Wilson*, Senior Assistant Attorney General, Office of the Attorney General for the District of Columbia, argued the cause for appellees. With her on the brief were *Irvin B. Nathan*, Attorney General, *Todd S. Kim*, Solicitor General, and *Donna M. Murasky*, Deputy Solicitor General.

Before: HENDERSON, ROGERS and TATEL, *Circuit Judges*.

Opinion for the Court by *Circuit Judge* ROGERS.

ROGERS, *Circuit Judge*: When John Lesesne filed a complaint against the District of Columbia and others regarding the pretrial conditions of his confinement he was no longer confined. Under the plain terms of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), he therefore was no longer required to exhaust administrative remedies before filing suit. The District agrees that the PLRA exhaustion requirement did not apply to Lesesne but urges the court nonetheless to affirm the grant of summary judgment on his federal claims for failure to exhaust because Lesesne failed to make this argument in the district court. We decline to do so for the following reasons, and we reverse as to his federal claims.

## I.

According to the complaint, *see Chandler v. D.C. Dep't of Corr.*, 145 F.3d 1355, 1360 (D.C. Cir. 1998), as a result of the actions and inactions of District of Columbia employees, Lesesne suffered permanent, life threatening injuries from a pulmonary embolism requiring expensive permanent therapeutical medical care and prescription drugs, constant pain management, and pain and suffering and emotional distress. Briefly, Lesesne was shot in the lower abdomen during an altercation on March 30, 2008 and sustained neurological damage to his leg. He was arrested and taken to Prince George's Hospital Center, where he underwent surgery. While at the hospital, he was placed in the custody of D.C. Metropolitan Police Department officers, who kept his wrist and ankle cuffed to the bed. Within 48 hours, the Department of Corrections assumed custody of Lesesne; correctional officers continued cuffing his wrist and ankle to the hospital bed. Because of the neurological damage to his leg, doctors prescribed physical and occupational therapies and directed

Lesesne to walk in the hospital hallway. Correctional officers denied him this treatment and restrained movement of his injured leg, despite knowledge of the injury and prescribed treatment and even after hospital doctors faxed the recommendations to Department administrators. Upon being discharged from the hospital on April 8, 2008, Lesesne was forced by correctional officers to walk in full restraints through the parking lot to the transport vehicle. When the officers attempted to lift him into the vehicle, he fell to the ground. He was then placed in a police cruiser for transport to the D.C. Jail infirmary. Showing signs of distress during transport and afterwards, he was taken following an examination at the D.C. Jail to the Greater Southeast Community Hospital, where he was diagnosed with having suffered a pulmonary embolism. Lesesne was placed in intensive care at the hospital and correctional officers continued to cuff his injured leg. He was discharged from the hospital on April 21, 2008 and transferred to the D.C. Jail pending arraignment. Over the next four days, Jail personnel failed to provide him with the medical treatment prescribed by the hospital and his wounds became infected; specifically, they did not give him prescribed medications, change his bandages, or clean his gunshot wound and surgical incision. On April 25, 2008, he was released from the Jail on pre-trial release.

Two years later, on April 19, 2010, Lesesne, proceeding *pro se*, filed a complaint against the District of Columbia, the Department of Corrections, and corrections officials John Doe, David Holmes, and Henry Lesansky, who were sued in their individual capacities (together, "the District"). He alleged that the District was deliberately indifferent to his medical needs and allowed the wanton infliction of pain in violation of his constitutional rights. He also alleged the intentional infliction of emotional distress ("IIED") under District of Columbia law. He sought a declaration that the District had violated his

constitutional rights and an award of compensatory and punitive damages, as well as attorneys' fees and costs. He also filed an application to proceed *in forma pauperis*, averring that he was not incarcerated, which the district court granted.

The District moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for partial summary judgment pursuant to Rule 56 on the ground that Lesesne had failed to exhaust administrative remedies as the PLRA required. Lesesne, still *pro se*, responded that he had adequately stated his claims and that "special circumstances" and the "non-existen[ce]" of administrative remedies justified his failure to exhaust. He also moved, on September 15, 2010, to amend his complaint, and the proposed amended complaint, lodged on November 29, added factual details to Lesesne's federal claims but did not include an IIED claim. The District opposed Lesesne's motion on the ground that his amended complaint suffered from the same defects as the original. Lesesne replied that administrative remedies were unavailable to him.

On December 17, 2010, the district court ordered the District to submit additional briefing on the exhaustion issue and specifically to address Lesesne's arguments that he was practically unable to file a grievance and that special circumstances may have justified his failure to do so. In response, the District filed exhibits including an affidavit by a Department grievance coordinator stating that Lesesne's D.C. Jail medical records indicated that on April 24, 2008 he had submitted a sick call slip requesting to be seen by a doctor. The District argued, therefore, that the grievance system was available to Lesesne. On September 30, 2011, the district court granted summary judgment on Lesesne's federal claims because he had failed to exhaust administrative remedies as required by the PLRA, dismissed Lesesne's IIED claim pursuant to Rule

12(b)(6) for failure to state a claim, and denied his motion to file an amended complaint as futile given his failure to exhaust. Lesesne appeals, and our review is *de novo*. *See Douglas v. Donovan*, 559 F.3d 549, 551 (D.C. Cir. 2009); *Chandler*, 145 F.3d at 1360.

## II.

On appeal, in his *pro se* brief Lesesne challenges the grant of summary judgment on his federal claims on the grounds that he was not required to exhaust administrative remedies under the PLRA because those remedies were unavailable to him. In his brief he also asserts, without elaboration, that the dismissal of his IIED claim should be reversed. The District maintains in its responsive brief that summary judgment on Lesesne's federal claims should be affirmed. It explains that although other circuit courts of appeals have held the PLRA exhaustion requirement does not apply where a plaintiff is no longer a prisoner when he files his complaint, Lesesne forfeited the argument by failing to argue in the district court that the PLRA was inapplicable by reason of his release from the D.C. Jail. The District also offers several reasons why the dismissal of Lesesne's IIED claim should be affirmed. By Order of July 12, 2012, this court appointed amicus to present argument in support of Lesesne.[1] Lesesne subsequently amended his brief to adopt the arguments raised by amicus.

The exhaustion provision of the PLRA provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other

---

[1] The court expresses its appreciation to amicus for its assistance.

> Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). "Prisoner" is defined as a "person incarcerated or detained." *Id.* § 1997e(h). By its plain terms, exhaustion is not required of a plaintiff who is not so confined. The courts of appeals to address the issue have so held, indicating that the relevant time of confinement is when the complaint is filed. *See Talamantes v. Leyva*, 575 F.3d 1021, 1023–24 (9th Cir. 2009); *Cofield v. Bowser*, 247 F. App'x 413, 414 (4th Cir. 2007) (unpublished opinion); *Norton v. City of Marietta*, 432 F.3d 1145, 1150–51 (10th Cir. 2005); *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005); *Ahmed v. Dragovich*, 297 F.3d 201, 210 (3d Cir. 2002); *Greig v. Goord*, 169 F.3d 165, 167 (2d Cir. 1999); *see also Harris v. Garner*, 216 F.3d 970, 974–75 (11th Cir. 2000) (en banc) (interpreting parallel language in 42 U.S.C. § 1997e(e)); *Janes v. Hernandez*, 215 F.3d 541, 543 (5th Cir. 2000) (interpreting § 1997e(d)); *Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir. 1998) (interpreting § 1997e(e)). The statutory text supports this analysis by referring to an "action . . . brought . . . by a prisoner confined in any jail, prison, or other correctional facility." 42 U.S.C. § 1997e(a). The District concedes that "both the language of the exhaustion requirement . . . and the legislative history show that the law applies only to prisoners confined when they file their complaint." Appellees' Br. 15–16.

"The matter of what questions may be taken up and resolved for the first time on appeal is one left primarily to the discretion of the courts of appeals, to be exercised on the facts of individual cases." *Singleton v. Wulff*, 428 U.S. 106, 121 (1976). As a general rule, "issues and legal theories not asserted in the district court ordinarily will not be heard on appeal." *Prime Time Int'l. Co. v. Vilsack*, 599 F.3d 678, 686 (D.C. Cir.

2010) (internal quotation marks omitted). But the Supreme Court has recognized that "[t]here may always be exceptional cases or particular circumstances which will prompt a reviewing or appellate court, where injustice might otherwise result, to consider questions of law which were neither pressed nor passed upon by the court or administrative agency below." *Hormel v. Helvering*, 312 U.S. 552, 557 (1941). So, for example, "a federal appellate court is justified in resolving an issue not passed on below. . . where the proper resolution is beyond any doubt." *Singleton*, 428 U.S. at 121. And "a court may consider an issue antecedent to and ultimately dispositive of the dispute before it, even an issue the parties fail to identify and brief." *U.S. Nat'l Bank of Or. v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 447 (1993) (internal quotation marks and alteration omitted). In light of the Supreme Court's instruction, this court has identified other examples of extraordinary circumstances overcoming the general rule of forfeiture, such as when "a novel, important, and recurring question of federal law" is presented on appeal. *Roosevelt v. E.I. Du Pont de Nemours & Co.*, 958 F.2d 416, 419 n.5 (D.C. Cir. 1992). The court has expressed "no qualms" about reaching a new argument that a particular "statute is clearly inapplicable." *Ranger Cellular v. FCC*, 333 F.3d 255, 261–62 (D.C. Cir. 2003). And the court has resolved an issue not raised in the district court where it "involve[d] a straightforward legal question, and both parties have fully addressed the issue on appeal." *Prime Time Int'l*, 599 F.3d at 686. Lesesne's case fits this paradigm.

First, the proper interpretation of the PLRA's exhaustion requirement is a dispositive legal issue antecedent to its application. *See U.S. Nat'l Bank of Or.*, 508 U.S. at 447. It involves an important question of first impression in this court that is likely to recur. *See Roosevelt*, 958 F.2d at 419 n.5. Second, it is an obvious, straightforward legal question that does not require further factual development. *See Prime Time Int'l*,

599 F.3d at 686. To the extent Lesesne's forfeiture also involved a factual issue – i.e., whether he was confined at the time he filed his complaint – that fact is established by the record and undisputed on appeal. Lesesne averred under penalty of perjury in his March 2010 application to proceed in *forma pauperis* that he was not incarcerated, and the first and last pages of his *pro se* complaint listed a private street address, rather than a correctional or detention facility. The District's motion to dismiss included a certificate of service that it had mailed the motion to Lesesne at the private address listed in his complaint. Third, both parties have had "ample opportunity to address the issue" on appeal. *See U.S. Nat'l Bank of Or.*, 508 U.S. at 448; *Prime Time Int'l*, 599 F.3d at 686. This court's order appointing amicus expressly directed briefing on the issue. Notably, the District has not suggested that it would be prejudiced if the court resolved the statutory issue; nor would it be, considering the case is still at the pleading stage and the District has not yet filed an answer.

For these reasons we exercise our discretion to decide the antecedent statutory question. As in *Prime Time International*, "[t]he proper resolution of the [PLRA] issue is beyond any doubt . . . . The issue involves a straightforward legal question, and both parties have fully addressed the issue on appeal. Consequently, no injustice will be done if [the court] decide[s] the issue." 599 F.3d at 686. To the contrary, it would seem unjust to allow a defendant to defeat a complaint based on an affirmative defense, *see Jones v. Bock*, 549 U.S. 199, 216 (2007), that it concedes is inapplicable. Indeed, the District could offer no explanation during oral argument how invoking forfeiture would promote the ends of justice here.

We hold, joining our sister circuits, that the PLRA exhaustion requirement does not apply because Lesesne was not a "prisoner" at the time he filed his complaint. Summary

judgment, based on Lesesne's failure to exhaust administrative remedies as the PLRA requires, was therefore inappropriately granted on his federal claims.[2]  As to his IIED claim, we hold that it has been abandoned because neither Lesesne's proposed amended complaint nor amicus' brief, which he adopted, reference the IIED claim, and his *pro se* appellate brief provides no argument why the dismissal of it should be reversed.  *See Woodruff v. Peters*, 482 F.3d 521, 525 (D.C. Cir. 2007); *Terry v. Reno*, 101 F.3d 1412, 1415 (D.C. Cir. 1996); *Carducci v. Regan*, 714 F.3d 171, 177 (D.C. Cir. 1983).  Accordingly, we reverse in part and remand Lesesne's federal claims to the district court; otherwise we affirm.

----

[2]  In a footnote to its brief, the District suggests Lesesne has abandoned his Fourth Amendment claim on appeal and that, in any event, he failed to state a claim upon which relief can be granted.  *See* Appellee's Br. 21 n.6.  But neither Lesesne nor amicus had any reason to discuss the specifics of his federal claims on appeal because the district court granted summary judgment on exhaustion grounds; we express no view on the merits of his claims.  We also reject the District's suggestion, without supporting authority, that dismissal of the complaint as to defendant Lesansky should be affirmed because he was not referenced as an appellee in Lesesne's notice of appeal.  To the extent there was error, *but see* FED. R. APP. P. 3(c)(1)(A); *Appeal of D.C. Nurses' Ass'n v. Dist. of Columbia*, 854 F.2d 1448, 1450 (D.C. Cir. 1988), it was harmless as the dispositive order appealed applied to all defendants and Lesansky is a public employee represented by the same counsel as the named appellees, *see Chathas v. Smith*, 848 F.2d 93, 94 (7th Cir. 1988).